# Wheeling.

## Hayzlett *v.* McMillan *et. al.*

(Absent, Johnson, Judge).*

Decided November 1, 1877.

1877.
Special Term.

1. It is a general rule in equity, that an injunction will be dissolved at the hearing of the motion to dissolve it on bill and answer sworn to, if the answer fully, fairly, plainly, distinctly and positively denies the allegations in the bill, on which the injunction was granted, and the material allegations of the bill are not supported by proof other than the affidavit verifying the truth of its allegations.

2. Generally an answer to a bill in equity can only be filed during the session of the court, or at the rules, but by our statute an exception is made in cases of injunction. The larger power to entertain and decide the motion to dissolve embraces that of receiving the answer and also replication thereto and making them a part of the record.

3. Under the provisions of the act of the Legislature, entitled "An act to authorize circuit judges in vacation to dissolve injunctions," it is competent for the judge of a circuit, in which a case is pending wherein an injunction is awarded, to dissolve such injunction in vacation, after reasonable notice to the adverse party, in a county of his circuit other than that, in which such injunction cause is pending.

4. The word "vacation," as employed in said act, means "vacation" of the circuit court of the county, in which such cause may be pending.

An appeal from, and *supersedeas* to, a decree of the circuit court of Wirt county, rendered on the 24th day of February 1875, dissolving an injunction awarded the plaintiff in a certain suit in equity pending then in said

*Counsel in the cause.

court, wherein Lewis Hayzlett was plaintiff, and Jordan McMillan and others were defendants.

The facts sufficiently appear in the opinion of the Court.

Hon. J. M. Jackson, Judge of the fifth judicial circuit rendered the decree complained of.

*John A. Hutchinson,* for appellant.

*C. C. Cole & D. H. Leonard,* for appellees.

HAYMOND, JUDGE, delivered the opinion of the Court:

The plaintiff in his bill alleges, that he verily believes that Jordan McMillan is justly indebted to him in the sum of $800.00, amount of certain notes for borrowed money, with interest; that said indebtedness arises on said notes, and also out of certain transactions had with said McMillan, when the plaintiff and said McMillan were co-partners in trade and business in the county of Wirt in a lease for oil purposes at Oil Rock; that on the 27th day of September 1869 the said McMillan instituted suit in equity in the circuit court of said county, for the purpose of settling up and closing said partnership business, that various and different reports have been made therein, which have been set aside; and enough has appeared in said reports to show that said McMillan owes plaintiff a very large sum of money; that said suit is still pending. Plaintiff also further avers that said McMillan, claiming that plaintiff and one Charles Gay as co-partners owed him a large sum of money, brought an action of *assumpsit* against them in said court, and that Gay being a non-resident, service of process was not made upon him, but plaintiff was served and defended the said action; but judgment was recovered against him for $247.50, with interest and costs, as will appear by a copy of said "judgment to be made a part hereof;" that an execution was issued on said judgment against plaintiff, and levied on his personal proper-

ty; that he gave a bond for the forthcoming of said property to the sheriff of said county; that the same was forfeited, and a judgment taken thereon at the —— term of said circuit court, and a writ of *fieri facias* issued on said last mentioned judgment against plaintiff and his security thereon, W. J. Robinson, which went into the hands of said sheriff for collection; that the said sheriff has levied the same upon the personal estate of plaintiff, mentioned in the return of said sheriff thereon, consisting of steam mill, engine, boiler and lease, as will appear by reference to a copy of said *fieri facias* and return to be filed herewith as part of this bill; that the amount of the last mentioned execution is $——; that after obtaining said judgment, and after it became apparent to him that plaintiff was bound to obtain a decree against him in said suit to close up said partnership, the said McMillan assigned the said judgment to one D. H. Leonard, who now claims to own and have the right to enforce the same against plaintiff; plaintiff charges that he is entitled in equity to the amount of all indebtedness, which said McMillan owes him, as an offset to the said judgment and execution; that said McMillan made said assignment, well knowing his said indebtedness to plaintiff, and for the purpose of defrauding plaintiff out of his said claim against him; that the said McMillan, as plaintiff has been informed and believes and so expressly charges, is insolvent and bankrupt; that he is indebted in much greater amounts than he is able to pay; that unless plaintiff can offset said debt which McMillan owes him, he will suffer loss; that he has no disposition to prevent the payment of said judgment, except to protect himself in the premises; that the said Leonard well knew the circumstances, pendency and nature of said chancery suit, and the insolvency of said McMillan at the time of said assignment. Plaintiff also avers that he is advised and believes that the enforcement of said execution ought to be suspended, until the final decree in said cause is entered. He also alleges, that the said sheriff has advertised his

property to be sold under *fieri facias* on the 3d day of December 1874, and that if the sale proceeds, it will cause irreparable injury, loss and damage to plaintiff, in view of the facts; that the has no means whatever of recovering anything from said McMillan by reason of his insolvency, or from said Charles Gay, who is also insolvent and a non-resident. Plaintiff makes Jordan McMillan, W. J. Robinson, D. H. Leonard and J. C. Hale, sheriff of Wirt county, parties defendant to his bill and prays that his bill may be filed in said chancery cause, and be treated and regarded as a part of said cause; that said defendants may answer the same upon oath; that the said McMillan, Leonard, J. C. Hale, sheriff, &c., their agents, attorneys and servants may be restrained from all further proceedings on the said judgment and *fieri facas*, until the final hearing and determination of the suit in equity between said McMillan and plaintiff in settlement of said co-partnership; and that plaintiff may have said judgment and *fieri facias* offset by the demand, which is due from said McMillan to plaintiff; and that plaintiff may have such other and further relief in the premises, as to a court of equity may seem meet &c. The bill is verified by the affidavit of plaintiff in the usual form. This bill, it seems, was presented to the Judge of the sixth judicial circuit of this State, and on the 2d day of December 1874 he granted an injunction, as prayed for in the bill, upon the terms prescribed in the order made by him granting the same. On the first Wednesday in December 1874 plaintiff filed his said bill, with said order granting said injunction thereon, in the clerk's office of the circuit court of said county of Wirt. It appears by the record that afterwards, and at December rules 1874, the said defendant, Jordan McMillan, filed in the said clerk's office his answer to said bill, in which he says it is not true, that he is indebted to plaintiffs in the sum of $800.00 on certain notes or any other account, or in any sum whatever; he admits that it is true, he and plaintiff entered into a co-partnership in the fall

of 1866, for the purpose of merchandising at Oil Rock in said county; and that said co-partnership was continued until the spring of 1867; and that he (McMillan) failing to get a fair and amicable settlement of said co-partnership, instituted a suit in chancery in the said circuit court of Wirt county, to obtain a settlement of said co-partnership; that he verily believes that plaintiff owes him a large sum of money, which he ought to and believes will recover in said suit; he admits that the said suit has been repeatedly referred to commissioners of the court, with instructions to settle the matters complained of in said suit, and that the same has also been submitted to arbitration of W. W. Van Winkle and K. B. Stephenson (two gentlemen learned in the law,) as arbitrators, but he positively *denies* that said commissioners, and arbitrators' reports, or any of them, show a large balance, or any balance whatever in favor of the plaintiff; but on the contrary, each and all of said commissioners, and also said arbitrators, report a balance in favor of respondent, as follows: F. T. Lockhart, commissioner, made and stated his report of co-partnership, and filed the same in the cause on the 20th day of June 1871; that by reference to the said report it will be seen, that said commissioner found the sum of $1,087.07 due from the plaintiff to respondent after allowing a credit of the two notes, referred to by said complainant in his bill amounting to $660.00, which are filed in said cause by said plaintiff as sets-off, and were all owed to him as such by said commissioner; that said report was excepted to by plaintiff, and on his motion was re-committed to the said commissioner; that, on the 7th of November 1870 the said commissioner made his further report, showing that said Hayzlett was indebted to him (McMillan) in the sum of $462.96, and that he was also chargeable with one-half of the goods purchased by the said firm of McMillan & Hayzlett, amounting to $2,217.17; that the said report was also excepted to by the plaintiff, and by consent and agreement of the plaintiff and respondent,

all the matters in controversy in said suit were referred to final arbitration of W. W. Van Winkle and K. B. Stephenson, who, after hearing the evidence and examining the parties, awarded the respondent the sum of $381.98½, with interest thereon from the 20th day of June 1867, in the matter arising out of said partnership transactions, and after allowing the said Lewis Hayzlett credit for the two promissory notes, which award did not interfere with or include the said judgment at law; that plaintiff not being satisfied with said award, and respondent, believing that he could increase said amount, at least by the additional sum of about $110.00, goods which the said Hayzlett got of said firm by the hands of Samuel Warnick, which the arbitrators overlooked in making said award, consented to, and said award was set aside by consent, and the cause referred to M. L. Lockhart, as special commissioner, who made and filed, at —— term of the circuit court of said county, his report, in which report he brought respondent in debt to said Hayzlett (including said notes), in the sum of $54.20; that said amount was arrived at from an improper view of said cause, and the report was excepted to, and set aside by the court, and re-committed to C. T. Caldwell, a special commissioner; all of which fully appears from the papers, reports and decrees made in the said cause, which are referred to, and to be read in support of this answer. He further says and avers, that he recovered a judgment against plaintiff, in the circuit court of Wirt county, for the sum of $247.50, with interest thereon from the 15th day of March 1870; that the said judgment was rendered upon the verdict of a jury, and upon the trial of which suit plaintiff appeared and made defense, and that the verdict was rendered upon a fair trial of the cause; that after execution issued on said judgment in favor of respondent, and on the 28th of March 1870 the plaintiff filed his bill and obtained an injunction, restraining the collection of the judgment mentioned in plaintiff's bill, on the same grounds

and for the same causes set forth in this bill; and respondent answering said bill of injunction, proofs were filed, and the court after considering the matters arising upon said bill of injunction, dismissed the said bill; and he also avers that all the matters set up in the bill of plaintiff, were adjudicated in said former suit, and he pleads said former adjudication in bar to this suit. He also admits, that he assigned and transferred the said judgment to D. H. Leonard on the 18th day of October 1873, and that he (McMillan,) has no interest in the judgment at this time, as said Leonard purchased the same and paid for it in full. He also denies, that he transferred said judgment for the purpose of defrauding plaintiff, or preventing him from setting up as an offset to it any claim plaintiff might have against him but being in need of money to pay some just debts, he transferred the said judgment to said Leonard to pay the same. He also denies, that upon a just, fair and equitable settlement of the matters, arising in his bill against said Hayzlett for the settlement of said co-partnership, including the said two notes filed in said suit, that he will owe said Hayzlett a large sum of money, or any amount whatever; but on the contrary he believes and charges, that the said Hayzlett owes him a large sum of money, and that he verily believes he will recover the same in said suit. He also denies that he is insolvent or a bankrupt, and avers that he owns a large amount of real estate situated in this State, and believes that he will be amply able to pay any decree or judgment, that the said Hayzlett may or can obtain against him, if it were possible for him to obtain any such judgment. He admits that execution issued upon the said judgment for the use of D. H. Leonard, and says that several forthcoming bonds were given, which were quashed with the cognizance and by the fraud of Hayzlett; finally a forthcoming bond was given, and judgment rendered on the same against plaintiff and W. J. Robinson for the use of D. H. Leonard, and an execution issued thereon, and that J. C. Hall,

sheriff, &c., after levying on the property of plaintiff, and adjourning the sale from time to time. The plaintiff on the —— day of ——— 1874 prepared a bill for an injunction, setting up the same facts and matters contained in plaintiff's bill, to which respondent and said Leonard, filed their answer with exhibits. This bill was submitted to Hon. J. M. Jackson, Judge of the circuit court of said county; and said Judge, after hearing arguments of counsel for plaintiff and defendants, and considering the matters arising in said bill, refused plaintiff an injunction, and indorsed his refusal upon said bill, which was returned to and filed in the clerk's office of the circuit court of said county of Wirt; and he avers that all the matters arising upon plaintiff's present bill were again adjudicated in said last-mentioned case, which adjudication is relied on as fully as if pleaded in bar of this suit. He also prays that the injunction in this case be dismissed, and that he be hence dismissed with his reasonable costs. This answer is verified by the affidavit of said McMillan. It also appears that the defendant, D. H. Leonard, filed his answer to the said bill at December rules 1874, in which he says, that it is not true that the defendant, McMillan, is indebted to the plaintiff in the sum of $800.00 on notes and co-partnership transactions, or any sum whatever; but on the contrary all the reports and award of W. W. Van Winkle and K. B. Stephenson, two arbitrators chosen by said parties to settle all matters in dispute between the plaintiff and the defendant, McMillan, all show that the plaintiff is largely indebted to said McMillan upon a settlement over and above the judgment enjoined in this suit; as will fully appear from the several reports of commissioners and award of said arbitrators, filed in the said suit, instituted by said McMillan against the plaintiff, in the circuit court of said county; and he refers to said file of papers and the preceding reports of commissioners and award of said arbitrators, and asks that the same be read in support of this answer. He further says that the judgment enjoined in this suit, was obtained in an action

of *assumpsit* in the said circuit court of Wirt county on the 15th day of March 1870 after a fair trial, &c.; that after execution issued on said judgment, the plaintiff applied for and obtained on injunction from the said circuit court, restraining and enjoining said McMillan from collecting said judgment; that the grounds of said injunction were substantially the same as set up in plaintiff's present bill; that said McMillan made defense to said injunction, and after a fair and full hearing of said cause, the court dissolved said injunction and dismissed plaintiff's bill, as will fully appear from said bill and the papers and decrees therein, which are filed herewith and made a part of this answer; and he (Leonard) charges that all the matters of law and fact arising in this suit were heard and determined and adjudicated in said suit, and he pleads said former adjudication in bar of this suit. He (Leonard) further says, that after said last-mentioned injunction was dissolved, the said McMillan caused another execution to issue on said judgment, and that the plaintiff gave a forth coming bond, which was quashed, and that after trying in vain for some length of time to collect said judgment and being hurried by some of his creditors, he did on the 18th day of October 1873, more than three years after obtaining said judgment, sell said judgment to him (Leonard), and that he paid for the same a valuable consideration, and at that time all the reports and award of arbitrators in said suit, referred to in plaintiff's bill, instituted for the purpose of settling the partnership transactions, showed a large balance in favor of McMillan, in said suit. He further says that afterwards he caused an execution to issue for his use, and plaintiff gave another forthcoming bond, which was forfeited and he (Leonard) obtained a judgment on the same and execution was issued thereon. He alleges the presentation of another bill to the judge of said circuit court, praying for an injunction, and the refusal of the same by said judge upon all matters of law and fact, as stated and

pleaded by said McMillan in his answer in this cause, and he relies thereon as a bar to this suit. He also denies that said McMillan assigned said judgment to the respondent for the purpose of defrauding plaintiff, and he denies any notice of any equities existing between plaintiff and defendant, McMillan, that ought to interfere with his collecting said judgment. He charges and says he verily believes that plaintiff is largely indebted to the said Jordan McMillan over and above said judgment, and he believes that said complainant well knows the fact, and only brought said injunction in said suits, and this suit, for the purpose of harassing and annoying him and said McMillan. He also says that plaintiff presented his said bill to the judge of the said circuit court of Wirt county; and that said judge, knowing the fact of the former adjudication of the matters arising upon said bill, refused plaintiff an injunction; and plaintiff and his attorney requested the privilege of withdrawing said bill without any indorsement being made thereon, with the understanding that the plaintiff intended to appeal from the order refusing said injunction in July before. He also charges, that after withdrawing said bill, under the pretence aforesaid, said plaintiff took said bill of injunction to the judge of another circuit, and thus fraudulently obtained the said injunction for the purpose of harassing and annoying him (Leonard). He (Leonard) also denies that said McMillan is insolvent or a bankrupt, and he prays that the injunction in this cause be dissolved, and plaintiff's bill be dismissed, &c.

This answer is also verified by the affidavit of said Leonard. On the 12th day of February 1875 the defendants, McMillan and Leonard caused, the plaintiff to be duly notified by the due service of a written notice, that on the 24th day of February 1875 they would make a motion before Hon. James M. Jackson, Judge of the fifth judicial circuit of West Virginia, in vacation, at his office in the city of Parkersburg, Wood county West Virginia, to dissolve the injunction theretofore

awarded in this cause. On the said 24th day of February the Judge of the said fifth judicial circuit, of which Wirt and Wood counties constitute a part, made the following order, viz :

" *Lewis Hayzlett* v. *Jordon McMillan, D. H. Leonard and others, in Chancery.*

" Upon a notice and motion to dissolve the injunction heretofore awarded in this cause, in the circuit court of Wirt county, W. Va. This motion came on this day to be heard before me, James M. Jackson, Judge of the fifth judicial circuit of West Virginia, at my office, in vacation, in the city of Parkersburg, Wood county, West Virginia, upon the notice to dissolve the injunction heretofore awarded in this cause, which notice was duly executed upon the plaintiff, the bill of the complainant, the answers of McMillan and Leonard, two of the defendants, which answers were filed at December rules 1874, and exhibits and files of papers therein referred to, and was argued by counsel for complainant and defendants. On consideration whereof, and the several files of papers in former suits referred to in defendant's answer, the court is of opinion that said injunction, awarded by Hon. John Brannon on the 2d day of December 1874 in this cause, ought to be dissolved ; it is therefore adjudged, ordered and decreed, that the said injunction, awarded in this cause, be and the same is hereby dissolved.

"Given under my hand this 24th day of February 1875.

"JAMES M. JACKSON.

"*To the Clerk of the Circuit Court of Wirt County, West Virginia.*"

It appears that the above order was entered of record by the clerk of the circuit court of Wirt county on the first day of March 1875. From said order dissolving said injunction, the said Hayzlett has obtained from a Judge of this Court during vacation an appeal, and to

the same also a *supersedeas*, and the question now before this Court is, whether there is error in the making of said order for which it should be reversed.

Only two errors have been assigned by the appellant. The first error assigned is as follows, viz:

" The answer of the defendants *admitting*, that the co-partnership set up in the bill existed between the complainant and defendant (McMillan), who was plaintiff in the action at law), and it appearing from the record that the said partnership account had not been settled and adjusted, it was error to dissolve the injunction, until the court had ordered said account to be taken and settled in due course."

It is proper to remark here, that the record, as it has been brought before us, fails to disclose any depositions on either side, and not a single exhibit, referred to in the bill or answers, appears in the record of the case. It is probable that the appellant has failed to have the record of the proceedings of the chancery cause of McMillan against him for the settlement of their partnership accounts, &c. copied into the record of this cause, because he supposed it would be of no benefit to him in the consideration of the same before this Court; and looking to the bill and answers I am satisfied that the absence of the record of the case of McMillan *v.* Hayzlett is not injurious or prejudicial to the appellant. In the case at bar each of the appellees, McMillan and Leonard, denies emphatically the allegations of the appellant in his bill as to the indebtedness of McMillan to the appellant on any account, and avers, that in truth and in fact, the appellant is justly indebted to said McMillan on the settlement of their co-partnership accounts and matters, involved in said suit of McMillan against the appellant, and said answers also deny the allegations of the bill as to the said McMillan being insolvent and a bankrupt. The judgment complained of in the bill was recovered upon a claim of McMillan against the firm of Hayzlett & Gay, and is in no way connected with the co-partnership of McMillan

& Hayzlett and, it is plain that but for the fact, that process was not served on said Gay, the judgment of said McMillan against Hayzlett would have been against Hayzlett & Gay jointly, instead of against Hayzlett alone. The judgment was assigned by McMillan to Leonard; and McMillan and Leonard both in their answers deny the allegation in the bill, that said assignment was made to defraud the appellant; and there is no evidence in the record tending in any way or degree to sustain said charge of fraud. Said Leonard in his answer denies, that at the time he took said assignment, he had notice of any equities of the appellant against said judgment. And in fact the appellant has failed to show any equity against said judgment, except by his unsupported allegations in his bill, and which are fully denied in each of the answers, to which there are no replications filed so far as disclosed by the record. The answers were filed at the earliest practicable period, and there was no difficulty for want of time and opportunity for the plaintiff below to file replications to said answers. High in his work on Injunctions, §205, says with reference to dissolution of injunctions against judgments at law: "the same general rule prevails as in other cases, and the injunction will in general be dissolved on filing the answer," of course this rule is subject to the qualification, that the answer sufficiently denies the material allegations of the bill, upon which the injunction was granted, and such allegations of the bill are not supported by proper proof. Hilliard in his work on Injunctions, §37, chap. 3, says: "notwithstanding the discretionary power on the subject (see §13, 35), it is the general rule, that an injunction will be dissolved at the hearing of a motion to dissolve it on bill and answer, if the answer fully, fairly, plainly, distinctly and positively denies the allegations in the bill, on which the injunction was granted; and if the bill is not supported by proof, or where the answer denies *the equity charged in the bill*, a responsive answer must be

taken as true. In such case the injunction cannot be
sustained, unless there be some special reason to author-
ize it. Thus when the answer denies the equities in the
bill, and there is no replication, the injunction
will be dissolved, unless the plaintiff offers satis-
factory affidavits, that he has witnesses to disprove the
answer, whom he can produce by the next term, but
has not been able to procure since the answer."
Our Code does not give the same force or effect
to an answer, where there is a replication thereto, that
was given to an answer under the rules of equity prior
to its adoption. The 59th section of chapter 125 of the
Code of 1868 of this State provides, that " when a de-
fendant in equity shall in his answer deny any material
allegation of the bill, the effect of such denial shall only
be to put the plaintiff on satisfactory proof of the truth
of such allegations, any evidence, which satisfies the
court or jury of the truth thereof, shall be sufficient to
establish the same." But I do not understand this pro-
vision of law to change the rule in courts of equity, that
all material allegations of an answer, which are respon-
sive to the bill, will be taken as true unless there
be a replication thereto denying the same; but this rule
in equity is modified to some extent by the 4th section
of chapter 134 of the Code of this State of 1868. It may
be, and I think it probable, that on a motion to dissolve
an injunction, an answer, which is verified by affidavit,
may in addition to putting the plaintiff on proof of his
case, be considered as an affidavit, and have such weight
as it is fairly entitled to in considering other affidavits,
including the bill when that is verified by affidavit; but
it is unnecessary to decide that question in this case, as
the bill and answers are all verified by affidavits, and the
affidavits of the defendants at least offset that of the
plaintiff, and the plaintiff produces no proof other than
his affidavit to the bill.

There seems to be some con fusion of opinion among
the legal profession, as to when and where an answer

may be filed to a bill of injunction, and be considered and have its proper effect on a motion to dissolve. In the case of *Goddin* v. *Vaughn's ex'ors et al.* 14 Gratt. 102, Judge Lee in delivering the opinion of the court, at pages 129 and 130 says : "Another objection taken for the first time in the argument here, is that the motion to dissolve was premature, or at least that the answer should not have been read on the hearing, because it had not been filed either in court or at the rules. Generally it is true that an answer can only be filed during the session of the court or at the rules, but by our statute, as I think, an exception is made in cases of injunction. The object, in giving the judge in vacation power to dissolve an injunction, was to prevent delay and this would be to some extent defeated, if a party had to wait until the rule day or a session of the court, before he could put in his answer, and have the benefit of it on a motion to dissolve. I think the larger power to entertain and decide the motion to dissolve, embraces that of receiving the answer and making it a part of the record. If there was anything in the objection, it should properly have been made, when the motion to dissolve was heard," &c. It seems to me, that these views of Judge Lee are correct and well founded, and I think in addition, that the answer may not only be received, as stated by Judge Lee and made a part of the record, but that a replication to such answer may likewise be received, and made a part of the record by the judge at the hearing of the motion to dissolve. Upon the whole case and upon principle and authority I am clearly of opinion that the appellant's said first assignment of error is not well taken ; and it is overruled.

The appellant's second assignment of error is, that " It was error to dissolve the injunction upon the notice given by the defendants ; the Judge of the circuit court of Wirt county had no *jurisdiction in vacation* to hear or take any order upon a motion to dissolve an injunction, · *beyond* the *jurisdiction* of

the circuit court of Wirt county." The 12th sec- tion of chapter 151 of the Code of Virginia of 1860, which was in force in this State until the Code of this State of 1868 took effect, provides that "The judge of a circuit court in which a case is pending, wherein an injunction is awarded, may in vacation dissolve such injunction after reasonable notice to the adverse party. His order for the dissolution shall be directed to the clerk of said court, who shall record the same in the order book. This provision, for some cause unknown to me, was omitted in the Code of this State of 1868. But the Legislature of this State, by an act entitled "An act to authorize circuit judges in vacation to dissolve injunctions, passed February 24, 1870, re-enacted said omitted section in the exact words employed in the Code of Virginia of 1860, and as I have above quoted said section: See Acts of 1870, pp. 31, 32; Code of 1868 under the head of amendments to the Code, p. 742. The word "*vacation*," as used in the law under consideration and involved in the appellant's second assignment of error, means, beyond question, the vacation of the circuit court of the county, wherein the case is pending in which an injunction is awarded. The object, in giving the judge in *vacation* power to dissolve an injunction, was to prevent delay, and if it were held that he could only dissolve the injunction upon notice within the county, where the cause is pending, the object of the Legislature in enacting the law would be to a material extent defeated.

The Judges of the respective judicial circuits, each composed of the several counties fixed by the Constitution and the law, are absent or may be absent from each county of their circuit a large portion of each year, holding the terms of the circuit court required to be held in each county of their circuit. While they are holding a term of court in one county, there is a vacation of the circuit court of each of the other counties composing the circuit. And if the Judge of the circuit court in which a case is pending, wherein an injunction is awarded, could only hear a

motion to dissolve an injunction within the county, in which such case is pending, then during the greater part of each year a motion to dissolve an injunction could not be heard, and the plain object of the law would be defeated. The Judges of the circuit court of this State are elected by the qualified voters of each circuit; and they are elected Judges of their respective circuits, and by virtue of their office as Judges of their respective circuits hold the term of the circuit court in each county, though in some cases a Judge may preside in counties without his circuit. A Judge of any particular circuit is *ex officio* Judge of the circuit court of each county of his circuit. The 6th section of chapter 133 of the Code of 1868 provides, that any Judge of a circuit court shall have a general jurisdiction in awarding injunctions, whether the judgment or proceeding enjoined be in or out of his circuit, or the party against whose proceedings the injunction be asked reside in or out of the same. Thus it is seen that while a Judge of a circuit court has general jurisdiction in awarding injunctions whether the judgment or proceeding enjoined be in or out of of his circuit, &c., the Judge of a circuit court in which a case is pending, wherein an injunction is awarded, only has authority to dissolve such injunction in vacation. It has been the general practice of the circuit court Judges of this State under the provisions of the said act of February 25, 1870, so far as I am advised, to dissolve injunctions upon notice out of the county, in which the injunction case was pending, and within their circuit, as was done in the case at bar and the correctness of the practice under said act, I believe, has generally been concurred in by the legal profession. To construe the said act of the Legislature so as to prohibit a circuit Judge from dissolving an injunction out of the county in which a case is pending wherein an injunction is awarded, would in my opinion be plainly a departure from the purposes and object of said act, and render the same almost useless as a remedy.

For the foregoing reasons the appellant's said second assignment of error is not well taken, and is annulled. No other errors are assigned in the cause, and I see no errors in the said order of the Judge of the fifth judicial circuit dissolving the injunction, theretofore awarded in this cause, prejudicial to the appellant.

For the foregoing reasons the said order of the Judge of the fifth judicial circuit, made in this cause dissolving the injunction, theretofore awarded therein, is affirmed with costs and damages.

And the cause is remanded to the circuit court of the county of Wirt, for such further proceeding therein to be had, as may be in accordance with the principles and rules governing courts of equity.

DECREE AFFIRMED and cause remanded.