## A. K. WIER ET AL. v. E. A. HILL ET AL.

### Decided January 1, 1910.

**1.—Injunction—Motion to Dissolve—Venue.**

A district judge has jurisdiction to act upon and grant in any county of his district a motion to dissolve a temporary injunction theretofore granted by him although the injunction suit is pending in some other county of his district. It is not essential that the motion to dissolve be heard in the same county in which the suit is pending.

**2.—School Districts—Commissioners' Courts—Exclusive Jurisdiction.**

Under our statutes the Commissioners' Courts have exclusive jurisdiction in their respective counties to divide the counties into school districts and to fix the boundaries of the same, and the District Courts have no power to revise or control such action.

Appeal from the District Court of Eastland County. Tried below before Hon. T. L. Blanton.

*Earl Conner,* for appellants.—A judge of the District Court in this State has no power to adjudicate the rights of litigants except at the times and places prescribed by law for holding courts unless such authority is conferred by statute, and there being no statute in force in Texas authorizing a district judge of this State to dissolve a temporary injunction on its merits at any other place than at the court house or county site of the county in which such injunction suit is pending, it was error for the trial court to dissolve appellants' injunction on a hearing at Abilene, Taylor County, Texas, when such injunction suit was pending in Eastland County, Texas, and appellants protested and objected to such hearing. Lyons-Thomas Hardware Co. v. Perry Stove Co., 88 Texas, 468; International & G. N. R. Co. v. Smith, 62 Texas, 185; Whitener v. Belknap & Co., 89 Texas, 273; Foster v. McAdams, 9 Texas, 542; Hodges v. Ward, 1 Texas, 244; Aiken v. Carroll, 37 Texas, 73; Hunton v. Nichols, 55

Texas, 217; State Constitution, art. V, sec. 7; Revised Civil Statutes (Sayles), arts. 818, 1111, 1177, 2989 as amended; 2995, 2996, 3007.

*Scott & Brelsford,* for appellees.—A district judge in this State has a legal right to hear a motion to dissolve an injunction sitting in chambers in any county within his judicial district and to dissolve the temporary writ of injunction, notwithstanding the original case is pending in another county of his district. 4 Ency. Pleading and Practice, page 357, citing Horn v. Perry, 11 West Va., 694; Hayzlett v. McMillan, 11 West Va., 464.

The Commissioners' Court of Eastland County had exclusive jurisdiction to fix the boundaries of school districts in Eastland County, and the District Court had no jurisdiction to review the action of the Commissioners' Court in fixing such boundaries. Appellants' petition for injunction was subject to the general demurrer urged by appellees in their answer and motion.

Stephens v. Buie, County Judge, 23 Texas Civ. App., 491, holds that the Commissioners' Court has exclusive jurisdiction to fix boundaries of school districts, and that the District Court has no jurisdiction to review the action of the Commissioners' Court in such matters.

Article 3938, Acts of 1905, page 126, and sec. 106, Compiled School Laws, 1907, provide for changing district lines only by consent of a majority of the legal voters in the districts affected by the change or by the consent of all the commissioners elected and by the consent of the majority of the trustees.

Acts of 1909, page 18, provides that Commissioners' Courts may subdivide their counties into convenient school districts of not less than 9 square miles, and but one white school can be maintained for each 16 square miles of territory.

DUNKLIN, ASSOCIATE JUSTICE.—Appellants in this case were plaintiffs in the trial court and their appeal is from an order of the judge of the Forty-Second Judicial District dissolving a temporary writ of injunction theretofore granted the plaintiffs restraining the defendants, who were all members of the Commissioners' Court of Eastland County, from subdividing into two districts a certain school district in that county, known as the Freedom Common School District No. 5/2.

In the petition upon which the writ was issued the principal grounds upon which the injunction was sought were that Freedom District contained only about twenty-two square miles and that the proposed division of it would result in the creation of two districts of less than sixteen square miles each; that the appellants and other citizens residing in the same community with them, at their own cost of about two thousand dollars had erected a school house in the village of Staff, convenient of access to the children in that community; that by the subdivision of Freedom District as proposed appellants and others who had contributed to the cost of that building would reside in a district other than the one in which that building would be located and at such a distance from the school house which would

then be most accessible as to render it very inconvenient and practically impossible for their children to attend school; that prior to September 1, 1909, the beginning of the present scholastic year, one of the appellants had been duly elected a school trustee for Freedom District and that he and other duly elected, qualified and acting trustees had already decided to maintain for the present scholastic year a public school at said Staff school house where appellants' children and other children in the same community, aggregating a total of fifty, would attend school if Freedom District is not divided as proposed by defendants; that there are approximately one hundred resident voters in said Freedom District; that the proposed division of the same by the Commissioners' Court would be upon the petition of less than a majority of the resident voters of the district, and that the proposed change would result in ousting from office the duly elected school trustees for said school district.

There was an ex parte hearing of this petition by the judge of the Forty-Second Judicial District at Abilene, Taylor County, where the order granting the prayer for the writ of injunction was endorsed upon the petition. The petition was then filed in the District Court of Eastland County, the date of filing being September 14, 1909, and on the same day it was filed the writ was issued and served upon the defendants. On September 25, 1909, the defendants filed an answer in which they were joined by J. W. Blackwell, Dave Earnest and J. M. Hendricks, who alleged that they were the duly elected and qualified trustees of Triumph School District No. 5 of Eastland County and represented the real parties at interest in the defense of the suit, and who prayed that they be permitted to intervene. The answer contained numerous exceptions to the petition, by some of which the contention was made that the matter of division of the county into districts and fixing the boundaries of such districts, was by law wholly discretionary with the Commissioners' Court, which was a court of competent jurisdiction, and that the District Court had no legal authority to control the exercise of such discretionary power.

The exceptions to the petition were followed by a special answer, alleging that on August 15, 1909, the Commissioners' Court created the school district alleged in plaintiffs' petition as Freedom Common School District No. 5/2, by an order consolidating districts known as Triumph No. 5 and Freedom No. 2, both of which last named districts had theretofore been duly created, established and maintained by said Commissioners' Court; that the order of consolidation was upon the court's own motion and not upon a petition of a majority of the voters of the two districts, and that upon being advised by the Attorney General of the State that said order was illegal, the court proposed to rescind their order consolidating the two districts and to restore the former status of the two districts which were thus consolidated into Freedom District 5/2; that this proposed change was desired by a large number of resident voters of the territory to be thus affected; that said J. W. Blackwell and Dave Earnest on April 3, 1909, were duly elected school trustees of Triumph District No. 5; that J. M. Hendricks had theretofore been elected a trustee

for said district and under the law was entitled to hold such office for one year succeeding April 5, 1909, and that the three trustees named had duly qualified to act as trustees. The answer concluded with a motion to dissolve the injunction theretofore issued, and was duly verified.

Upon the answer, the judge who granted the writ endorsed his fiat setting a hearing of this motion to dissolve for October 7, 1909, at the court house in Abilene, Taylor County, and directed the issuance of notice to plaintiffs to appear at that time and place to resist the motion if they so desired. On the date so fixed the motion was heard at Abilene. Plaintiffs appeared and presented an exception, and also a plea, to the venue by which they challenged the jurisdiction of the judge to hear and determine the motion in Taylor County, as the suit was pending in Eastland County where plaintiffs and defendants all resided. The exception and plea were both overruled, and the writ of injunction theretofore issued was dissolved.

The same contention is made the basis of several assignments of error and in support thereof appellants cite the following articles of Sayles' Texas Civil Statutes: Article 818: "All terms of the District, County and County Commissioners' Courts shall be held at the county seat." Article 1111: "The several judges of the District Courts shall hold the regular terms of their said courts at the county seat of each county in the district twice each year, unless additional terms should be prescribed by law, and shall hold such special terms as may be required by law." Article 2989: "Judges of the District and County Courts may either in term time or vacation grant writs of injunction, returnable to said courts in the following cases . . ." Article 2995: "Upon the grant of any writ of injunction, the party to whom the same is granted shall file his petition therefor, together with the order of the judge granting the same, with the clerk of the proper court; and if such writ of injunction does not pertain to a pending suit in said court, the cause shall be entered on the civil docket of the court in its regular order in the name of the party to whom the writ is granted as plaintiff and of the opposite party as defendant." Article 2996, which in cases like this make the writ of injunction returnable to the District Court of the county of defendant's domicile. Article 3007; "In all cases of injunction, motions to dissolve the same without determining the merits, may be heard after answer filed, in vacation as well as in term time, at least ten days' notice of such motion being first given to the opposite party or his attorney. In such cases the proceedings upon such hearing, including the action of the judge upon the motion, shall be entered upon the minutes of the proper court by the clerk thereof on or before the first day of the succeeding term of such court, and thereafter shall constitute a part of the record of the same."

It will be observed that under article 2989 above quoted, injunctions may be granted either in term time or in vacation, and under article 3007 motions to dissolve injunctions can likewise be heard in term time or in vacation, but the statutes are silent as to the places where injunctions may be granted and where motions to dissolve may be heard and determined. To stress their contention appellants

call attention to the fact that when the motion to dissolve was heard the suit was then pending in Eastland County where plaintiffs' petition and defendants' answer had already been filed.

That an injunction may be granted by a judge of the District Court in any county in his district other than the county in which the suit has been or is to be filed seems to be conceded by appellants and appellees. Instead of granting the writ on an ex parte hearing the judge could have set down the petition therefor for hearing at some future day to give defendants an opportunity to resist it, and upon such a hearing the grounds relied on by appellees to dissolve the writ certainly could have been urged as a basis for resisting its issuance, and this too at Abilene where the writ was granted. If thus the judge would have jurisdiction to determine the defense urged in the first instance at Abilene, we perceive no valid reason why, under our statutes, he did not have jurisdiction to determine at the same place those defenses upon a motion to dissolve the writ theretofore issued without an opportunity given defendants to present those defenses.

It does not seem that the question under discussion has ever been decided by any of our higher courts, and in fact the only decision we have been able to find directly in point is the case of Hayzlett v. McMillan, 11 W. Va., 464. As provided in our statutes, the statute quoted in that decision authorized the judge of the Circuit Court in vacation to hear a motion to dissolve an injunction, but it contained no provision as to where such a hearing should occur. In that case the circuit judge dissolved a writ of injunction in a county within his district, but not in the county where the suit was pending, and appellants in that case contended that the order was made at a place beyond the jurisdiction of the judge and was therefore void. This contention was overruled and in disposing of the question the court said: "The word 'vacation' as used in the law under consideration and involved in appellants' second assignment of error, means, beyond question, the vacation of the Circuit Court of the county wherein the case is pending in which an injunction is awarded. The object in giving the judge in vacation the power to dissolve an injunction was to prevent delay, and if it were held that he could only dissolve the injunction upon notice within the county where the cause is pending, the object of the Legislature in enacting the law would be to a material extent defeated. The judges of the respective judicial circuits, each composed of the several counties fixed by the Constitution and the law, are absent or may be absent from each county of their Circuit Court a large portion of each year, holding the terms of the Circuit Court required to be held in each county of their circuit. While they are holding a term of court in one county, there is a vacation of the Circuit Court of each of the other counties composing the circuit. And if the judge of the Circuit Court in which a case is pending, wherein an injunction is awarded, could only hear a motion to dissolve an injunction within the county in which such case is pending, then during the greater part of each year a motion to dissolve an injunction could not be heard, and the plain object of the law would be defeated."

By other assignments appellants insist that as the plaintiffs' petition set out a valid and meritorious cause of action warranting the issuance of the writ, and as those allegations were not denied in defendants' answer, the court erred in dissolving the writ. We concur in the contention made by defendants in their exception to plaintiffs' petition and above noted to the effect that under our statutes jurisdiction to divide a county into school districts and to fix the boundaries of those districts is vested exclusively in the Commissioners' Court, and that no power to revise or control the action of said court is conferred upon the District Court. Stephens v. Buie, 23 Texas Civ. App., 491 (57 S. W., 312). Appellants' fifth and sixth assignments are therefore overruled, and this, too, without deciding the question whether or not the facts pleaded in defendants' special answer and duly verified constituted a sufficient ground for the dissolution of the injunction.

The foregoing disposes of all assignments and the order dissolving the injunction is affirmed.

*Affirmed.*

CONNER, Chief Justice, *dissenting in part.*—Construing section 51 of the Act of 1905 (see General Laws, 1905, page 277) with section 50 of the same Act as amended in 1909 (see General Laws, 1909, page 18), it seems that the power to subdivide school districts once constituted is limited only by the provision that no district shall be reduced to an area of less than nine square miles instead of not less than sixteen square miles as theretofore provided and as the threatened subdivision herein complained of is alleged to be. Appellants' petition therefore fails to show that the threatened act of the Commissioners' Court would be void, or one not wholly within the discretion of the Commissioners' Court, over which discretion this court can not exercise supervision. I accordingly concur in the conclusion of the majority to the effect that appellants' petition did not authorize the issuance of the injunction in the first instance and hence that it was properly dissolved, but I do not wish to be understood as committed to the proposition, if the opinion of the majority is susceptible of such construction, that it was proper in this case to dissolve the injunction on the merits of an answer which merely set up facts in avoidance and not in denial of the allegations upon which the injunction issued.