his motion for a new trial. This presents no error.

This being a death penalty case, we have given the record, appellant's brief, and the clear and forcible argument of appellant's able attorney, thorough consideration and investigation. We think the evidence is amply sufficient to sustain the verdict, but see no necessity of reciting it, and that no error is shown which would authorize or justify this court to reverse this judgment. It will therefore be affirmed.

---

CLARK et al. v. HALLAM et al.    (No. 8562.)

(Court of Civil Appeals of Texas. Ft. Worth. July 1, 1916.)

SCHOOLS AND SCHOOL DISTRICTS &#9670;&#8212;39—FORMATION OF HIGH SCHOOL DISTRICT—REVIEW BY DISTRICT COURT.

Under Acts 34th Leg. c. 36, providing for organization of public high schools in common school districts, by section 4a giving the district court "general supervisory control of the actions of the county board of school trustees in creating, changing and modifying school districts," and by section 10 providing that appeals from the county superintendent of public instruction shall lie to the county school trustees and from them to the state superintendent of public instruction, and thence to the state board of education, appeals to the district court may be made direct from action of the county board of school trustees in consolidating districts, since the specific provisions of section 4a, construed with section 10, control the general provisions of the latter.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 68, 69; Dec. Dig. &#9670;—39.]

Appeal from District Court, Young County: Wm. N. Bonner, Judge.

Suit by J. A. Clark and others against R. G. Hallam and others. From an order of dismissal, complainants appeal. Reversed and remanded.

Arnold & Arnold, of Graham, for appellants.

CONNER, C. J. On May 19, 1916, J. A. Clark, S. J. Kelly, and G. W. Rose, resident taxpaying citizens of common school district No. 10 of Young county, Tex., presented their petition to Hon. Wm. N. Bonner, judge of the Thirtieth judicial district, which includes Young county, seeking to enjoin R. G. Hallam, V. M. Burkitt, G. B. Underwood, Walter Long, and S. H. Thomas, composing the board of county school trustees of Young county, from a threatened consolidation of common school districts Nos. 10 and 39 of said county, and from building therein a high school, with an issuance of bonds for its payment. Said district judge indorsed upon the petition so presented his order setting the case down for hearing at Graham, Young county, on the 3d day of June, 1916, with direction for the issuance of a temporary writ of injunction restraining said proceedings in the

consolidation of the school districts named pending the hearing provided for. On the day set for the hearing, as appears from the recitations of the judgment, all parties appeared in person and by counsel and announced ready for trial, "whereupon the defendants filed their plea to the jurisdiction of the court, and the court, after hearing said plea to the jurisdiction and having fully considered the same, is of the opinion that said plea should be sustained, and that the district court of Young county, Texas, has no jurisdiction to hear and determine said cause." It was accordingly adjudged that the cause be dismissed from the docket of the court, and it is from this order of dismissal that the appeal herein has been prosecuted.

A free copy of the plaintiffs' petition will be unnecessary, we think. In substance, the allegations in effect are that the petitions upon which the board of county school trustees acted and entered its order of consolidation had not been signed by the requisite number of electors of the district; that no necessity existed for the creation of a high school, in that neither district contained children entitled to public free school education of a grade higher than the seventh; that the consolidated district as proposed is some 10 miles long and from 4 to 10 miles wide, and that the location of the proposed high school building would make it necessary for a large proportion of the students residing in the districts named to travel from 2½ to 6 miles in order to attend the school. These particular complaints are elaborated in the petition, but, as already indicated, in the view we have taken of the case, it will be unnecessary to further notice them, inasmuch as the only question presented to us is whether the district court of Young county had jurisdiction to determine the matter in controversy; the sufficiency of the petition not being questioned, if otherwise said court did have jurisdiction.

No brief or argument has been presented in behalf of appellees. Appellants suggest, however, that the theory upon which the trial court acted is that the appeal from the action of the board of county trustees, in the first instance at least, should have been to the county superintendent, and from him to the state superintendent, and from the state superintendent to the state board of education. This it appears was the approved practice under former laws, and doubtless also as to certain matters relating to the management of public free schools under existing laws. Thomas v. Taylor, 163 S. W. 129; Wier v. Hill, 58 Tex. Civ. App. 370, 125 S. W. 366; McCollum v. Adams, 110 S. W. 526; Caswell v. Fundenberger, 47 Tex. Civ. App. 456, 105 S. W. 1017; Stephens v. Buie, 57 S. W. 312; section 10 of the existing law approved March 5, 1915 (see Gen. Laws 1915, p. 68 et seq.). By a reference to the act just cited, it will be seen that it is an amendment by the Legislature which vests in a board of five county school trustees the power theretofore existing in commissioners' courts to change the lines and consolidate common school districts into which their counties may have been subdivided. Section 4 of this amendment specifically provides, among other things, that:

"The county school trustees shall have authority to consolidate two or more common school districts into a larger common school district where a majority of the qualified electors of each common school district at interest shall petition the county school trustees for consolidation, in order that a high school may be established for the children of high school advancement in the common school district so consolidated."

In relation, however, to the matter of consolidating school districts, it is specifically provided in section 4a of the act that:

"The district court shall have general supervisory control of the actions of the county board of school trustees in creating, changing and modifying school districts."

It is true that section 10 of the same act provides, as had been done under previous laws, that:

"All appeals from the decisions of the county superintendent of public instruction shall lie to the county school trustees, and from the said county trustees to the state superintendent of public instruction, and thence to the state board of education."

But harmonizing, as it is our duty to do, section 4a with section 10, we think it should be held that the latter section only applies to other proceedings comprehended within the general management and control of the public free schools of the county which is vested by the act in the five school trustees mentioned, such as classifying the schools, arranging for free transportation of school children under certain circumstances, prescribing courses of study, approving contracts with teachers, etc. This view is emphasized by the fact that in no previous law relating to the subject do we find express supervisory control over the actions of the county school board of trustees given to the district courts, as provided in section 4a, and by the further fact that section 4a, for the first time conferring such control, is specific in its character, while section 10 is general in character. In accordance with a familiar rule of construction, both must stand, if they can be made to do so. But the specific controls in the matter to which it is made to relate. Warren v. Shuman, 5 Tex. 441, 442; Erwin v. Blanks, 60 Tex. 583; Howard Oil Co. v. Davis, 76 Tex. 630, 13 S. W. 665; National Bank v. Hanks, 104 Tex. 320, 137 S. W. 1120, Ann. Cas. 1914B, 368. As applied to the case we have before us, both sections, we think, may stand and be given appropriate operation. Construing the law as a whole, we think it should be held, generally speaking, that in proceedings relating to the general management and control of the public free schools in a county appeals from the decisions of county superintendents or county school trus-

tees should, in the first instance at least, be made as prescribed in section 10, thus, as to such subjects, limiting the jurisdiction or power of control on the part of the district courts to such power as is vested in them by general principles of equity, such as where it is alleged that the action of the superintendent or trustees is wholly without authority, or corruptly exercised, etc., but that in the matter of consolidating districts section 4a controls, and appeals may be made to the district court direct.

We conclude that the district court of Young county erred in holding that it was without jurisdiction; and it is accordingly ordered that the judgment be reversed, and the cause remanded for a hearing and determination by that court of the questions at issue as presented in the plaintiffs' petition, thus leaving the temporary writ of injunction effective until otherwise lawfully ordered.

Reversed and remanded.