JONES and another vs. The Estate of KEEP.

*Claim against estate ; statute of limitations.—Revivor of actions against personal representatives of one of several defendants.*

1. The presentation of a claim to the commissioners appointed to adjust claims against an estate, is the prosecution of a new remedy, and does not operate as a continuance or revivor of a suit to enforce such claim pending against the decedent at the time of his death.

2. Where the statute of limitations has otherwise run upon the claim, therefore, it cannot be allowed by the commissioners.

3. Where one of several defendants to an action on their joint and several obligation dies, *it seems* that the action may be revived against his personal representatives *separately* (under sec. 16, chap. 101, and sec. 1, chap. 135, R. S.), but *not* against them *jointly* with the other defendants.

APPEAL from the Circuit Court for *Rock* County.

Two joint and several promissory notes were made by John M. Keep with several other persons, in 1853, payable December 31, 1854. Interest was paid to 1859 by one of the other makers, but no payment was made by Keep. On the 20th of December, 1860, plaintiffs commenced an action on said notes in said circuit court against all the makers; and Keep was duly served on that day, and answered. On the 2d of March, 1861, before that action was determined, Keep died testate, but said action was not revived in said circuit court against his executor. Letters testamentary were granted to the executor May 7, 1861, and on the same day commissioners were appointed to examine and adjust claims against the estate. The time limited for the presentment of claims was afterward extended until November 22, 1862, prior to which date the notes in question were presented to the commissioners as a claim against the estate, but were disallowed. On appeal to the circuit court, it was there held that the presentation of the notes to the commissioners was neither a continuance of the suit pending at Keep's death, nor a revivor thereof, but was the commence-

ment of a new and independent action or proceeding, and that the commencement or pendency of that suit was no answer to the defense of the statute of limitations herein; that "that action abated at Keep's death as against him, and continued against his co-defendants only, and would not be continued or revived against Keep's executor;" and that "more than eighteen months from Keep's death, and more than one year from the date of the letters testamentary having elapsed when these notes were presented to the commissioners," they were barred by the statute, and were properly disallowed. — Judgment for the defendant; and plaintiffs appealed.

*Matt. H. Carpenter*, for appellants :

1. The running of the statute of limitations against a claim on the estate of a deceased person is suspended during the time in which the administrator is not liable to an action thereon. *Houpt v. Shields*, 3 Port. (Ala.) 247; *Hutchison v. Tolls*, 2 id. 44; *Jordan v. Jordan*, Dudley (Ga.), 182; *Wall ads. Robson*, 2 Nott & McC. 498; id. 259; *Vance v. Grainger*, C. & Nor. (N. C.) 71; *Dowell v. Webber*, 2 Sm. & M. 452; 10 id. 100; 5 Ga. 66; 8 id. 1; 7 Eng. 632; 10 G. & J. 346; 21 Vt. 585; 15 Mass. 455; 29 Pa. St. 360; R. S. ch. 138, § 33. The suit brought against Keep and the other makers of the notes had the effect to toll the statute and keep the plaintiffs' claim alive until the instant of Keep's death. After that event, plaintiffs could not bring in the executors as a party. R. S. ch. 135, §§ 4, 5. Instead of a further prosecution of the action then pending by bringing in the executor the statute provides that the plaintiffs shall present their claim to the commissioners. R. S. ch. 101, § 19; *Hapgood v. Southgate*, 21 Vt. 588. The effect of the statutes was, on the death of Keep, to transfer the litigation on these claims to the commissioners. To say that the pending action should no longer be prosecuted in the circuit court, but that plaintiffs should go before the commissioners with their claims, and that when they

got there their application should stand on the footing of an independent suit of that date, and the claim disallowed if the statute had then run, would be a piece of injustice which ought not to be presumed to have been within the intention of the legislature, and which was not within their constitutional power. Plaintiffs could not be denied the right to proceed in their pending suit against the representatives of Keep, without giving them another equivalent and sufficient remedy on the claim which was perfect against Keep at the time of his death. This was done in providing that they should present their claim to the commissioners within the time allowed by the court; but this would be no remedy if the defense of the statute of limitations could then be interposed, which could not have been pleaded in the action pending at Keep's death. The presentation of the claim then, under the circumstances of this case, was not the commencement of a suit; it was rather the prosecution of the old suit before the new tribunal to which it was changed by law for trial. A cause removed from one court to another by *certiorari* is continued in the second court; here, instead of a suit changing the whole cause from one court to another, the statute removed it so far as the estate of Keep is concerned.

*J. A. Sleeper*, for the respondent, contended that the action brought on the notes against Keep and his co-makers abated as against Keep at his death. It could not be recovered or continued against his executors; and must be prosecuted, if at all, against the surviving defendants. R. S. chap. 135, §§ 4, 5. Had it been prosecuted to judgment against the survivors, the whole debt would have been merged in the judgment, and no claim would have survived against Keep's estate which could have been enforced in a legal proceeding. By the common law, no action at law could have been maintained against Keep's executor upon this joint contract, nor any action in equity without first showing that the survivors were insolvent.

---

---

They could only maintain an action against the surviving joint contractors. But for § 19, chap. 101, R. S., these notes would not have been allowed as a claim against the estate, even if not barred by the statute of limitations. 1 Chitty's Pl. *50. The plaintiffs are, therefore, not deprived by the statute of any right which they had at the common law. Section nine of that chapter, however, declares that "no claim barred by the statute of limitations" shall be so allowed. And these notes were barred. The action brought upon them before *Keep's* death did not suspend the statute so that it might not be pleaded to any new action, even though the former one were still pending, and might be prosecuted to judgment against the executor. *Blair v. Cary*, 9 Wis. 543; *Gregory v. Hurrill*, 5 Barn. & Cress. 341; *Smith v. Bower*, 3 Term, *663; *Wilcocks v. Huggins*, Strange, 907. And in this case the former suit, having abated as against *Keep*, and being incapable of revival, was as to this estate the same as if it had never been commenced, or had been dismissed. See *Richards v. Md. Ins. Co.*, 8 Cranch, 84; *Alexander v. Pendleton*, id. 463, 470. — The presentation of the notes to the commissioners was the commencement of an action (*Boyce v. Foote*, 19 Wis. 199), and there is no ground for regarding it as the continuance or revival of an action in the circuit court.

COLE, J.   This case must turn upon the answer to be given the question, Was the circuit court right in holding that the presentation of the notes to the commissioners was not the continuance of the suit pending in the circuit court at the time Judge Keep died, nor a revivor of that suit, but was the prosecution of a new remedy or proceeding given by the statute to recover the amount of the notes? If such presentation of the notes to the commissioners was a new and independent action, then the conclusion would seem inevitable, that the commissioners properly disallowed the claims, because barred by the

statute of limitations. Section 9, chap. 101, R. S., provides, that no claim "barred by the statute of limitations shall be allowed by the commissioners in favor of or against the estate." The notes in this case were joint and several, given by Judge Keep and the other makers, payable January 3, 1855. The plaintiffs commenced suit upon the notes in the circuit court of Rock county, December 20, 1860. Judge Keep was upon that day served with process, and appeared and answered · in the action. March 2, 1861, he died testate, and on May 7th, thereafter, the will was proven up, and letters testamentary issued to the executor. Commissioners were appointed to receive, examine and adjust claims against the estate. Eighteen months were fixed by the first order for that purpose, which time was afterward extended to November 22, 1862. October 7, 1862, the plaintiffs presented the notes to one of the commissioners, and at their meeting October 22, 1862, he presented them to the board, when they were disallowed.

It will be observed from this statement of facts, that the notes would have been outlawed when Judge Keep died, but for the fact that an action had been commenced on them in the circuit court. And it is claimed, that it is the necessary operation and effect of the various provisions of our statute, to transfer this suit to the commissioners for trial, otherwise the plaintiffs would have no remedy. For it is said, the action could no longer be prosecuted in the circuit court, but the plaintiffs were compelled to go before the commissioners with their claim; and to hold, when they got there, that their application stands upon the footing of an independent suit as of that date, is equivalent to destroying· a cause of action perfect against Judge Keep at the time of his death. We think this an erroneous view· of the matter. At common law, in case of a several contract, or one joint and several, if one of the parties die, the executor of the deceased might be sued at law in a

separate action. 1 Chitty's Plead. 59; *Union Bank v. Mott*, 27 N. Y. 633, and *Gardner v. Walker*, 22 How. Pr. R. 405.

In the case of the *Union Bank v. Mott*, Mr. Justice SELDEN says: "Where parties are jointly and severally liable, either for torts or upon contracts, the personal representatives of deceased parties may be proceeded against by action at the same time with actions against the surviving parties; but it must be by separate actions, and not by joining both classes of defendants in one action; and on the decease of one of several defendants thus liable in a pending action, such action cannot be revived as a joint action against the surviving parties and the representatives of the deceased party." He adds that he could see no objection to the revivor of the suit in such a case as against the representatives of the deceased party as a separate action. And we suppose the same thing might be done under our statute. Section 16, chap 101; § 1, chap. 135, R. S. But we know of no provision of the statute which transfers an action pending in the circuit court against a deceased person before commissioners for trial. And the assumption that the plaintiffs were compelled to resort to the proceeding before the commissioners, and could not have the action continued separately against the representative of Judge Keep, we do not think well founded. Nor do we consider that there is anything in § 4, chap. 135, necessarily in conflict with these views.

When, therefore, the plaintiffs presented these notes to the commissioners, they sought to avail themselves of a new remedy. So far as that proceeding was concerned, the statute of limitations was a complete defense. The pendency of the action in the circuit court could not be properly considered by the commissioners. They could only ascertain and determine whether the period of limitation had run when the notes were presented to them for allowance. That it had, so far as related to that proceeding, seems to us clear. *Boyce v. Foot*, 19 Wis. 200.

*By the Court.*—The judgment of the circuit court is affirmed.