SHERMAN vs. KREUL and another, Adm'rs, imp.

42   33
91   201
42   33
102  586

INSTRUCTIONS: *(1) Must conform to allegations and proofs.*
ACTION. *(2) Remedies on joint obligation, against deceased obligor, and against survivors. (3) Waiver of objection to action at law, by representative of deceased obligor.*

1. In an action against G. and others, upon a promissory note, where no ground of recovery against them was alleged or attempted to be shown other than that they were partners, or had held themselves out to the world as such, and that the note had been made by G. in the firm name, for the price of chattels delivered to him by plaintiff, it was error to instruct the jury that it was "unnecessary to decide whether G. had power to execute a promissory note in the name of the firm or not;" and that "if, on any ground, G. had authority to purchase the chattels on the credit of himself and the other defendants, plaintiff was entitled to recover against the defendants."

2. Where one of several joint obligors (in this case partners liable on a firm note) dies, the *legal* remedy is against the *survivors* only, and the estate of the deceased is discharged at law; though his administrator may be proceeded against in equity, upon showing that the remedy against the survivors has been exhausted, or that they are insolvent.

3. But where, during the pendency of an action against alleged partners upon an alleged obligation of the firm, one of the defendants died, and his administrator asked and obtained leave to defend, filed a separate answer, and litigated the cause upon the merits: *Held*, that this was a waiver of all objections to the plaintiff's right to proceed against the estate *at law* instead of in equity; though, in order to recover against the administrators, plaintiff must allege (by supplementary complaint), and must prove, that the surviving obligor is insolvent.

APPEAL from the Circuit Court for *Iowa* County.

The complaint alleges, in substance, that on the 23d of August, 1873, the defendants, Goldthorp, Kroll, Topp and Nondorf, were partners, doing business in the city of Mineral Point, in this state, under the name of Geo. J. Goldthorp & Co.; that on that day, and at said city, they made their promissory note, in writing, under their firm name, whereby, for value received, they promised to pay the plaintiff, sixty days

after date, $325, with interest at ten per cent. per annum; and that they have not paid any part thereof.

Goldthorp did not answer.   Kroll, Topp and Nondorf answered by a general denial, and also specifically denied that they had been at any time or place partners in business with Goldthorp.   Afterwards an order was made in the cause, reciting the decease of Nondorf, the appointment of *Kreul* and *Topp* as administrators of his estate, and that they had applied for leave to defend the action; and granting them leave to defend with the other defendants, and to file an answer supplemental to Nondorf's answer already filed.   Thereupon the administrators filed their supplemental answer, in which they deny the alleged partnership; deny that their intestate ever made the note in suit, or authorized any person to make it for him, or received any consideration for it; and deny that plaintiff is entitled to recover anything against Nondorf's estate.

On the trial, plaintiff, after putting in evidence a note of the tenor described in the complaint, introduced testimony tending to show the existence of a partnership, at the date of the note, and by the firm name above mentioned, between all the persons originally named as defendants, or that the other defendants, at various times, held out Goldthorp as a partner in business with them.   The testimony introduced by the defendants upon these points was in conflict with that for the plaintiff.   The bill of exceptions, which is certified to contain all the evidence, does not appear to contain any evidence tending to establish any other ground of liability on the part of the answering defendants than those above stated.

An instruction given by the circuit court, upon which the decision of this court turns, will be found stated in full in the opinion.

The jury found for the plaintiff against the defendants *Kreul* and *Topp*, as administrators of Nondorf's estate, as well as against Goldthorp, but in favor of the other defend-

ants. The defendant administrators moved to set aside the verdict as against them, on grounds fully stated in the opinion; that motion having been denied, they moved for judgment in their favor *non obstante;* and this motion being denied, and judgment rendered pursuant to the verdict, they appealed therefrom.

For the appellants, a brief was filed, signed by *Lanyon & Spensley,* and the cause was argued orally by *Calvert Spensley.* They argued, among other things, 1. That the evidence did not show any actual partnership, and this was settled by the verdict in favor of two of the alleged partners. 2. That there was no sufficient evidence that Nondorf had ever held Goldthorp out as a partner, and especially that he had ever done so under such circumstances as to estop him to deny the partnership as against this plaintiff. 3. That the court erred in various instructions given, especially that recited in the opinion of this court, *infra.* 4. That the court erred in refusing to set aside the verdict as to Nondorf's administrators, and in rendering judgment against them, because they were not legally or regularly parties to the action. R. S., ch. 135, sec. 4; *Union Bank v. Mott,* 27 N. Y., 633; *Jones v. Keep,* 23 Wis., 45; Collyer on Part., § 723; Van Santv. Pl. (2d ed.), pp. 164–166, and note on p. 166; *Copcutt v. Merchant,* 4 Bradf., 18; *Voorhis v. Childs' Ex'r,* 17 N. Y., 354; *Pope v. Cole,* 14 Am. R., 198, and cases there cited in the briefs and the opinion.

*Alexander Wilson,* for the respondent, contended, among other things, 1. That there was sufficient evidence that Nondorf had held himself, Kroll and Topp out as partners with Goldthorp, and this was sufficient to render him liable on the note. *Young v. Smith,* 25 Mo., 341; 43 Barb., 435; 51 id., 616; Collyer on Part., §§ 86, 465–7; Story on Part., § 64; Bigelow on Estop., 368. 2. That, the administrators of Nondorf having been made parties upon their own application, and having answered and gone to trial on the merits, it was

too late, after verdict, to object that the action should not have been revived as against them. R. S., ch. 125, secs. 37, 40; *Estate of Schroeder*, 46 Cal., 304. As to the liability of the estate of a deceased partner, counsel cited *Ricart v. Townsend*, 6 How. Pr., 460; *Parker v. Jackson*, 16 Barb., 34; *Kelsey v. Bradbury*, 21 id., 531; *Devaynes v. Noble*, 2 Russ. & Myl., 495; *Wilkinson v. Henderson*, 1 Myl. & K., 582; *Myers v. The State*, 47 Ind., 293; 25 id., 82.

COLE, J. Among other errors relied on by the administrators of Nondorf for a reversal of the judgment, is an exception taken to that portion of the charge of the circuit court which reads as follows: "In this action it will be unnecessary to decide whether Goldthorp had power to execute a promissory note in the name of the firm, or not. It appears that the note was given for a team which was delivered to Goldthorp. If on any ground he had authority to purchase the team on the credit of himself, Nondorf, Kroll and Topp, the plaintiff is entitled to recover against the defendants; otherwise not."

It is not obvious what theory of the case the learned circuit judge entertained when he gave this charge; but it seems to us it was erroneous, and was calculated to prejudice the administrators of Nondorf. The action was founded upon the note; no other ground of recovery was relied on. The plaintiff alleged, and offered evidence which tended to prove, that, when the note was made, a partnership existed, which was composed of George J. Goldthorp, Anton Kroll, John Topp and John Nondorf; and that the note was given by Goldthorp for a span of horses sold to that firm. But it was not claimed that Goldthorp had any authority to execute the note and bind these parties, unless a partnership existed or they had held him out to the world as clothed with authority to contract in their and his name as partners. The defense was, that no partnership ever existed, and that neither Kroll,

Topp nor Nondorf ever authorized any one to execute the note for them or either of them. These were the issues made by the pleadings, and to which the evidence on both sides was directed. The vital question in the case therefore was: Had Goldthorp authority to execute the note in the name of the firm? This question the court told the jury it was unnecessary to decide or pass upon in their finding. The question of authority — the power of Goldthorp to bind by his acts the other defendants — was the essential fact in the case. If a partnership in fact existed, and the note was given in a matter within the scope of its usual business, an implied authority might be inferred to make the contract. But, at all events, authority or no authority to make the contract was the important question upon the issues raised by the pleadings, and it could not be ignored by the jury. The circuit judge, however, in this portion of the charge, seemed to consider that fact unimportant if Goldthorp had authority to purchase the team on the credit of himself and his codefendants. But it is obvious that Goldthorp might have had express authority to purchase the team on the credit of those parties, but have had no authority to sign their names to a promissory note. The one power does not necessarily include the other, as reflection will show. A. may have the power to purchase property on the credit of B., but may have no power to sign B.'s name to negotiable paper to pay for it. So, after all, the right of recovery depended essentially and wholly upon the question of authority on the part of Goldthorp to give the note, and bind his codefendants, as he attempted to do. Limitation upon the authority of one partner to bind his copartner by giving commercial paper in the name of the firm, may grow out of the nature of the partnership itself, as was held in *Smith v. Sloan*, 37 Wis., 285, where the subject is quite fully discussed. But in any view which we have been able to take of the case, it seems to us that the above charge was erroneous, and must work a reversal of the judgment.

It appears that after the joint answer of Kroll, Topp and Nondorf was filed, Nondorf died. Thereupon the administrators of his estate appeared in the action, suggested his death and their appointment, etc., and asked leave to defend. Leave was granted, and they filed a separate answer, and litigated the cause upon the merits. The jury found against the plaintiff in respect to Kroll and Topp, and in favor of the plaintiff as against Goldthorp and the administrators of Nondorf. A motion was then made to set aside the verdict as against the administrators, for the following reasons: "1. The action survived against the alleged surviving partners, and could only be proceeded in against them. 2. The action was never revived against the representatives of John Nondorf, deceased. 3. The finding of the jury in favor of John Topp and Anton Kroll is a finding in favor of John Nondorf, deceased. 4. For other reasons apparent on the record."

In *Jones v. The Estate of Keep*, 23 Wis., 45, this court, following the rule laid down in *The Union Bank v. Mott*, 27 N. Y., 633, decided that where one of several defendants in an action upon a joint and several obligation dies, the action may be revived against his personal representatives separately, but not against them jointly with the other defendants. "At common law, in case of a several contract, or one joint and several, if one of the parties died, the executor of the deceased might be sued at law in a separate action." *Jones v. The Estate of Keep.* But in case one joint debtor died, the remedy at law could only be had against the survivor; the remedy against the estate of the deceased being in equity. This rule was applied to the case of a deceased partner. *Trustees of the Leake & Watts Orphan House v. Lawrence*, 11 Paige, 80; *Same Case*, in the court of errors, 2 Denio, 577; *Devaynes v. Noble*, 1 Merivale, 529; *Wilkinson v. Henderson*, 1 Mylne & K., 582; *Voorhis v. Childs' Executor*, 17 N. Y., 354; *Pope v. Cole*, 55 id., 124. There is a conflict of opinion between the courts of New York and the courts of Eng-

land, " as to the remedy allowed to the creditors of a partner-
ship against the representatives of a deceased partner. It
was conceded by both that only the surviving partners could
be sued at law, but it was held by the English courts that the
representatives of the deceased partner might be immediately
proceeded against in equity, and compelled to pay the entire
debts of the firm, without any previous resort to the surviv-
ing members, or any evidence that such debts could not be
collected from them; while, on the other hand, our courts
held, either that the remedy against the survivors must first be
exhausted, or that it must appear that they were insolvent and
unable to pay." SELDEN, J., in *Voorhis v. Childs' Executor.*
It will be seen from these authorities, that the legal remedy
upon joint obligations was against the survivor, and that the
estate of the deceased was at law discharged. Now the ques-
tion is, How does this doctrine affect the case under consid-
eration? Here the administrators saw fit to waive the equi-
table forum, asked and obtained leave to litigate the liability
of the estate in a court of law. Should they now be permit-
ted, after having thus asked leave to defend, to turn round
and say that the action can only be prosecuted against the
surviving partners? It seems to us that they must abide by
the forum which they have chosen, and that it is too late to
make the objection that the remedy against the estate was in
equity. In an action for equitable relief, an objection to the
jurisdiction on the ground that the plaintiff has an adequate
remedy at law, must be taken by answer, or it is waived
(*Tenney v. The State Bank of Wisconsin,* 20 Wis., 152); and
why does not the converse of the rule hold good on a mere
money demand? The order making the administrators par-
ties was granted on their application; they filed an answer,
and contested the liability of the estate, and must abide by
the result. But while we hold this, we are disposed to adopt
the New York rule, that, in order to recover against the ad-
ministrators, the plaintiff should allege and show that the sur-

viving partner is insolvent, the same as he would be bound to do were the proceeding in equity. Under the verdict, we must assume that a partnership existed except between Goldthorp and Nondorf; or that the jury found that Nondorf so held himself out to the world as a partner of Goldthorp, that the plaintiff was warranted in believing that a partnership actually existed between them. It will therefore be necessary for the plaintiff to file a supplemental complaint, stating the facts which will entitle him to recover against the administrators, and to establish those facts on the trial.

It is said that the finding of the jury in favor of Topp and Kroll was a finding in favor of the estate. But this does not necessarily result from the verdict; because the jury may have found that Nondorf had so conducted himself as to induce the plaintiff to believe he was a partner. It is not necessary to consider the other questions discussed upon the argument.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial ordered.