FRAWLEY, Appellant, vs. COSGROVE, Administrator, Respondent.

*October 29 — November 15, 1892.*

*Estates of decedents: Examination of claimant otherwise than as a witness.*

Presentation to the county court of a claim against the estate of a decedent is the commencement of an action or proceeding, within the meaning of sec. 4096, R. S., and an examination of the claimant may be had under that section. The mere fact that the officer before whom such examination is to be had is a commissioner of the circuit court, and not an officer of the county court, is no objection thereto.

APPEAL from the Circuit Court for *Eau Claire* County. One Richard T. Farr died intestate December 19, 1890. In February, 1891, *P. J. Cosgrove* was duly appointed administrator of his estate, and duly qualified and entered upon the duties of his office. Within the time limited for creditors to present their claims against said estate, *W. H. Frawley* filed his verified claim for services as attorney during the life of said intestate, to the amount of $1,660. A formal verified complaint was filed therein, and the administrator served a verified answer, denying and traversing the same. Afterwards the administrator gave notice to the attorney of said *Frawley*, and also subpoenaed said *Frawley*, to appear before a circuit court commissioner, and submit to an examination under sec. 4096, R. S. The said *Frawley* and his attorney appeared before said commissioner, but refused to be sworn or examined. Because of such refusal the administrator, upon verified petition stating the facts, asked the county court to strike out the said claim of *Frawley*. The county court, by order, denied such application, and the administrator appealed from that order to the circuit court. In the latter court said order of the

county court was reversed, and said *Frawley* was ordered
to appear before said commissioner on a day fixed, and to
submit to such examination under said section, and, in case
of his failure to so appear, it was ordered that his claim be
stricken out.    The cause was ordered to be remitted to the
county court, but it was further ordered that, in case of an
appeal to this court, the time for such examination be ex-
tended to twenty days after notice of filing the *remittitur*
from this court.    The said *Frawley* has appealed from said
order of the circuit court.

*J. C. Gores*, for the appellant.

For the respondent there was a brief by *Wickham &
Farr*, and oral argument by *James Wickham*.

CASSODAY, J.    On the presentation of the plaintiff's claim
to the county court, the same was contested by the admin-
istrator.    Thereupon the administrator sought to examine
the plaintiff "otherwise than as a witness on a trial," under
sec. 4096, R. S., as amended, and subpœnaed him to appear
before a circuit court commissioner for that purpose.    He
appeared, but refused to be sworn or examined.    The only
question here presented is whether the section of the stat-
ute cited is applicable to such a case.    Among other things,
it provides that "no action to obtain a *discovery* under oath,
in aid of the prosecution or defense of *another action*, shall
be allowed; but the examination of a party,    .    .    .    oth-
erwise than as a witness on a trial, may be taken by depos-
ition at the instance of the adverse party, *in any action or
proceeding*, at any time *after* the commencement thereof
and before judgment."    The section further provides, in
effect, "that such deposition may be taken before a *judge
at chambers* on a previous notice," etc.; "or it may be taken
without the state upon commission, in the manner provided
for taking other depositions."    Such examination may be
taken "before issue joined, but such examination shall not

preclude the right to another examination *after issue* joined, upon all the issues in the cause, and the party examining shall, in all cases, be allowed to examine upon oral interrogatories. Such examination shall not be *compelled in any other county* than that in which the party to be examined resides," except when he is a nonresident. "In any examination under the provisions of this section, *the judge or commissioner* before whom the same is had shall have power and authority to compel the party examined to answer all questions relevant to the issues involved, and also to compel the production by the party examined of books and papers relevant and pertinent to the issues, and may enforce such answers and the production of such books and papers by contempt proceedings."

This court has frequently held that the examination thus authorized was intended as a substitute for a bill of discovery under the old practice, and, being remedial, should be liberally construed. *Cleveland v. Burnham*, 60 Wis. 21; *Kelly v. C. & N. W. R. Co.* 60 Wis. 489. The object of the section was to abolish not only the form, but also the substance, of the old bill of discovery, and to enable the party to obtain the benefits of the bill, and also a more ample remedy, by taking the deposition of the adverse party as a witness in the case upon all questions involved in the issues. *Whereatt v. Ellis*, 65 Wis. 639. The old bill of discovery was filed in a court of equity in aid of proceedings in another court of separate and independent jurisdiction. *Clark v. Bergenthal*, 52 Wis. 106; *Kelly v. C. & N. W. R. Co.* 60 Wis. 484. Here the discovery sought is in aid of the defense to the allowance of the plaintiff's claim in the county court. The presentation of the claim to the county court is to be deemed the commencement of an action, within the meaning of the statutes of limitation. Sec. 4242, R. S.; *Boyce v. Foote*, 19 Wis. 199; *Jones v. Keep's Estate*, 23 Wis. 45. It seems to be, in effect, a civil action or suit at law. *Clark v. Bever*,

139 U. S. 96; *McBride's Appeal*, 72 Pa. St. 480. If it is not a civil action or suit at law, it is at least a " proceeding " within the meaning of that clause of sec. 4096, R. S., which authorizes the taking of the "deposition at the instance of the adverse party, in any action *or proceeding*."

Such being the nature of the plaintiff's claim, and the purpose of the proposed examination being to discover the facts as to the transactions between him and the intestate, in aid of the defense of such claim, there would seem to be no valid objection to such examination, unless it be merely because the allowance of the claim is pending in the county court, and the proposed examination is to be had before a commissioner of the circuit court. Under the old practice, a suit in equity for discovery could be maintained in aid of proceedings in any common-law court of general jurisdiction or other public tribunal of the same country which is or was by its original modes of procedure unable to compel the needed disclosure. 1 Pom. Eq. Jur. § 196; *Wolf v. Wolf's Ex'r*, 2 Har. & G. 382; *Shotwell's Adm'rs v. Smith*, 20 N. J. Eq. 79; *Sweeny v. Williams*, 36 N. J. Eq. 627. The pendency of an action at law is not always necessary to the maintenance of a bill of discovery. *Buckner v. Ferguson*, 44 Miss. 677. In *Fuller v. Ingram*, 5 Jur. (N. S.), 510, it was held that " the rule that this court would not allow a bill of discovery in aid of proceedings in the ecclesiastical court does not apply to a bill of discovery in aid of proceedings in the court of probate." Accordingly it was there held that such a suit could be maintained. The same rule ought to prevail here, since every county court in this state is a court of record. Sec. 2448, R. S. This court has frequently sanctioned a broad equitable jurisdiction in the matter of estates in county courts. *Brook v. Chappell*, 34 Wis. 405; *Catlin v. Wheeler*, 49 Wis. 507; *Gardner v. Callaghan's Estate*, 61 Wis. 96; *Newman v. Waterman*, 63 Wis. 621. And yet such jurisdiction would

seem to be insufficient to secure such discovery, unless sec.
4096 is applicable.    There is nothing in that section which
limits its provisions to the circuit court, nor any particular
court; and, moreover, it is found under the title: " Provis-
ions common to actions and *proceedings* in *all* courts." The
mere fact that the officer before whom such proposed ex-
amination is to be had is a commissioner of the circuit
court, and not an officer of the county court, is no objection
to the proposed examination, for the reason, among others,
that the remedy for which the proposed examination is a
substitute was usually, if not always, instituted in a court
of separate and independent jurisdiction.    The section re-
quires the deposition to " be taken before a judge at cham-
bers," and that " the judge or commissioner before whom
the same is had " shall have the powers therein mentioned.
This court has frequently held that "a judge at cham-
bers " is simply a judge of a court of record acting out of
court; and that the words "a judge," or "a judge at cham-
bers," include "a county judge or court commissioner."
*Whereatt v. Ellis,* 65 Wis. 644, and cases there cited.    In
that case it was held that "such deposition may be taken
by a court commissioner of the county in which the party
examined resides, although the action is pending in another
county."    It was, moreover, necessary to so hold, in order
to make the section of the statute of general application,
because it requires such examination to be had in the county
in which the party to be examined resides.    The ruling in
that case excludes the idea that the examination must nec-
essarily be before a judge or a commissioner of the same
court in which the action is pending.

  *By the Court.*— The order of the circuit court is affirmed.