## 9036.  CHAPMAN v. CHATTOOGA OIL MILL COMPANY.

1. Where a verdict is rendered but no judgment is entered thereon, and an application is afterwards made in term time for an order authorizing a judgment .on the verdict to be entered nunc pro tunc, the motion may be heard in chambers and in a county different from that in which the verdict was obtained.

.2. Where, by inadvertence, counsel failed to enter judgment on a verdict .within four days after adjournment of the court, the court may, at a succeeding term, on due notice to the defendant, grant an order to enter the judgment nunc pro tunc.    •

3. The lapse of two years from the rendition of the verdict will not prevent the entering of a judgment thereon nunc pro tunc, upon proper application and notice.

4. The provision of the law that judgments must be signed within four days after the adjournment of the court at which the verdict was rendered will not prevent the entering of a judgment nunc pro tunc at a subsequent term, upon proper application and notice.

5. In the instant case the pleadings present no question that should have been submitted to a jury, and the judge did not err in ordering that the judgment be entered nunc pro tunc. '           °

DECIDED JUNE 12, 1918.

Complaint; from Walker superior court—Judge Wright.  May 14, 1917.

*David F. Pope,* for plaintiff in error.  *Rosser & Shaw,* contra.

BLOODWORTH, J.  A verdict in favor of Chattooga Oil Mill Company was rendered on May 31, 1915, against J. A. Chapman, in Walker superior court.  No judgment was entered.  Plaintiff made application to the court to be allowed to enter judgment nunc pro tunc, and on April 18, 1917, the judge of the circuit in which Walker county is located passed an order in which it was provided that notice of the petition and order be served on the defendant, and he be required to show cause at Rome, Georgia, "why an order should not be passed permitting the entry nunc pro tunc of a judgment in the cause in said petition stated."  To this petition the defendant filed a demurrer and a plea and answer.  On May 14th the following order was passed: "Upon hearing the within motion it is hereby ordered that counsel for plaintiff, Chattooga Oil Mill Co., be permitted to enter judgment nunc pro tunc at the present term of Walker superior court in the case of Chattooga Oil Mill Co. vs. J. A. Chapman, based upon the verdict as in within petition described."  From this order the defendant appealed, excepting on several grounds, which are hereinafter discussed.

1. When a verdict is rendered in the superior court and no judgment entered thereon, and an application is made for an order authorizing a judgment to be entered nunc pro tunc, is an order passed in term time, providing for the hearing of the application in vacation and in a county different from the one in which the case is pending, authority for the judge at the time and place of hearing to pass an order authorizing the judgment to be entered nunc pro tunc? There can be no question about the right of the judge to pass such an order in vacation. That is expressly provided for by § 4854 of the Civil Code (1910), which is as follows: "Said judges can not exercise any power out of term time, except the authority is expressly granted; but they may, by order granted in term, render a judgment in vacation." Of course, if the order authorizing the judgment to be entered nunc pro tunc is granted in vacation, it is "in chambers," and not "in open court" or "in term time." The only other question then is: Can such an order be passed in a county different from the one in which the case is pending? Our Civil Code (1910), in §§ 4849 and 4850, recognizes the difference in the authority of the superior court and the authority of the judge of that court. When the power is given the judge of a court, as contradistinguished from the court itself, he may exercise this power in chambers or in vacation. The action taken in the matter under consideration in the instant case was that of a judge at chambers, and not that of the superior court. According to Bouvier's Law Dictionary, "vacation" is "that period of time between the end of one term and beginning of another. During vacation rules and orders are made in such cases as are urgent, by a judge at his chambers." The same authority says: "Any hearing before a judge which does not take place during a term of court or while the judge is sitting in court, or an order issued under such circumstances, is said to be in chambers." Black's Law Dictionary thus defines "chambers": "The private room or office of a judge; any place in which a judge hears motions, signs papers, or does other business pertaining to his office, when he is not holding a session of court. Business so transacted is said to be done 'in chambers.'" In the opinion In re Neagle, 39 Fed. 855, we find the following: "All business done out of court by the judge is called 'chamber business.' But it is not necessary to be done in what is usually called 'chambers.' Chamber business

may be done, and often is done, on the street, in the judge's own house, at the hotel where he stops, when absent from home, or it may be done in transitu, on the cars, in going from one place to another, within the proper jurisdiction to hold court. . . . For the purpose of jurisdiction, the chambers of the judge are wherever he happens to be in his circuit or district, when the exigencies of the case call for the transaction of chamber business." In Frawley *v.* Cosgrove, 83 Wis. 441, 445 (53 N. W. 689), Cassoday, J., said: "This court has frequently held that 'a judge at chambers' is simply a judge of a court of record acting out of court." To say "acting out of court" is equivalent to saying "acting in vacation." In practice the words "vacation" and "chambers" are sometimes used interchangeably. 15 R. C. L. 522, § 15. See Civil Code (1910), § 4850 (4, 5). A case illustrating the principle involved is that of Wier *v.* Hill, 58 Tex. Civ. App. 370 (125 S. W. 366). The statutes under consideration in that case were §§ 2989 and 3007 of Sayle's Ann. Civ. Stat. 1897, the former of which provides that judges of the district courts may either in term time or vacation grant writs of injunction, returnable to their courts, in specified cases; and the latter provides that motions to dissolve injunctions, without determining the merits, may be heard after answer filed, in vacation as well as in term time, on at least ten days' notice to the opposite party or his attorney. In construing these sections it was held that the word "vacation," as so used, meant the vacation of the district court of the county wherein the case was pending, in which an injunction was awarded, and hence, there being no statute fixing the place of hearing motions to dissolve, a judge granting an injunction in vacation may hear a motion to dissolve it in a county other than that in which the suit is pending. So far as the experience of the writer extends, a similar practice prevails in Georgia, as to orders in vacation or at chambers, the judge usually selecting the place that may best suit his convenience and that of the attorneys interested. Under §§ 4852 and 4853 of the Civil Code (1910), even without an order passed in term time, such an application as the one under discussion could be heard in vacation, by order of the judge, upon proper application, and ten days' notice to the opposite party or his attorney.

2: Can a judgment be entered nunc pro tunc when the failure

to enter judgment is the result of "inadvertence and oversight on the part of counsel?" This is answered by our Supreme Court in the case of *Kelsoe* v. *Hill,* 58 *Ga.* 364: "Where, by inadvertence, counsel fail to enter up judgment on a recovery in an action of trespass vi- et armis, within four days after adjournment of the court, the court may, at a succeeding term, on due notice to the defendant, grant an order to enter up the same nunc pro tunc."

3.. Can a judgment on a verdict be entered nunc pro tunc after the lapse of "about two years" after the verdict was returned? In the case of *Perdue* v. *Bradshaw,* 18 *Ga.* 287, Judge Lumpkin said (p. 288): "The common-law rule is, that all judgments, whether interlocutory or final, shall be entered of record, of the day of the month and year *when signed*; and shall not have relation to any other day. Still, the discretion is given to the court or judge to order a judgment to be entered *nunc pro tunc.* Indeed, it is not only competent to do this, but it seems to be almost a matter of course." In *Pollard* v. *King,* 62 *Ga.* 103, Mr. Justice Bleckley said: "To say the least, the court has a discretion to allow an amendment like the one now under consideration, even after the lapse of a lengthy period of time. Ten years, or more than ten years, will constitute no insurmountable obstacle. Some old things may not be worth repairing, but a judgment, if kept from becoming dormant, ought generally to be amended whenever a defect in it is discovered. Age need not exclude it from the hospital in which younger patients of its class receive treatment." In *Vaughn* v. *Fitzgerald,* 112 *Ga.* 517 (37 S. E. 752), it was held legal and proper for an ordinary to pass an order nunc pro tunc that a return be entered of record nine years after the time at which it should have been originally entered. In that case Simmons, C. J., said (p. 519): "We think that the lapse of time does not make any difference, if the court is satisfied that such a judgment ought to have been rendered at the time the commissioners made the return, and it appears that no objections were filed thereto. In such case the court should grant the judgment nunc pro tunc, regardless of the lapse of time." See also *Seay* v. *Treadwell,* 43 *Ga.* 564; *Mayor &c. of Savannah* v. *Champion,* 54 *Ga.* 541; *Spencer* v. *Peake,* 73 *Ga.* 803.

4. Although the code provides that judgments shall be entered

up within four days after the adjournment of the court at which the verdict is rendered, this will not prevent entering judgment nunc pro tunc at a subsequent term. In the instant case the order of the judge authorizing the judgment to be entered nunc pro tunc was signed May 14, 1917, and the judgment itself was entered on May 22, 1917. In certifying the bill of exceptions on May 24, 1917, the presiding judge added: "I further certify that Walker superior court was not adjourned on May 22, 1917, and that said court has not since been adjourned." In certifying to the record on June 15, 1917, the clerk said that the February term, 1917, of Walker superior court had not then adjourned. So the fact that the judgment nunc pro tunc was entered during the term at which the order authorizing it was signed is established by the record.

5. The pleadings present no question that should have been submitted to a jury, and the judge did not err in ordering the judgment entered nunc pro tunc.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*