28806. FLOYD *v.* SMITH, judge.

DECIDED NOVEMBER 14, 1940.

*A. R. Ross, R. Berner Williams,* for movant.

*Will Ed Smith,* for person at interest.

BROYLES, C. J. This case is an application for mandamus, filed by Mrs. W. H. Floyd, to require D. D. Smith, judge of the city court of Eastman, to show cause why he should not certify her bill of exceptions. The application and the bill of exceptions show the following facts: On August 10, 1940, and during the July, 1940, term of the court, the judge entered a judgment dismissing her suit on general demurrer. In her bill of exceptions she made the following recital: "Plaintiff in error comes now on the 19th day of September, 1940, and within the time prescribed by law, within 60 days from the date of the judgment excepted to, and during the July, 1940, term of the city court of Eastman, and before adjournment thereof, and tenders this her bill of exceptions and prays that the same may be certified as provided by law." The judge refused to certify the bill of exceptions, on the ground that it was not presented within the time prescribed by law. This court issued a mandamus nisi, and Judge Smith filed a response in which he admitted the above-stated facts, but stated that in his opinion the judgment complained of in the bill of exceptions was a decision "at chambers," and therefore that the bill of exceptions should have been presented within thirty days from the date of the judgment complained of. To sustain this view, the judge certifies that counsel for both parties, desiring to dispose of the demurrer to the petition, met him in his office in the Citizens Clearing Bank Building, Eastman, Georgia, on June 6, 1940, and that the demurrer was there presented and argued; that subsequently the petition was amended, and the demurrer to the amended petition was renewed. The judge further makes the following statement: "The petition as amended and the demurrer as renewed were thereafter taken under consideration in my office and were considered in my office; and finally, on August 10, 1940, an order was passed in my office (which had been changed to the old Citizens Bank Building in Eastman, Georgia), in which order the demurrer was sustained and plaintiff's petition dismissed. I considered that it was presented to me in chambers, taken under consideration in chambers, and the order sustaining the demurrer passed in chambers, and for that reason I regarded the thirty-day period referred to in section 6-902

of the Code as applicable; and being of this view, I was of the opinion that I had no right to certify the bill of exceptions which had been presented to me several days beyond the thirty-day limit."

It is well settled law that a bill of exceptions complaining of a decision "at chambers" must be presented to the judge within thirty days from the date of the decision; and that where the judgment complained of was not a decision "at chambers" and was rendered during a term of the court, and that term was not adjourned within thirty days from the date of the opening of the court, the bill of exceptions may be tendered within sixty days from the date of the decision or judgment. Code, § 6-902. It appears from the undisputed facts of this case that the judgment was rendered on August 10, 1940, and during the July, 1940, term of the court, and that said term had not been adjourned when the bill of exceptions was presented to the judge on September 19, 1940. It follows that the only question for our determination is whether the judgment was a decision "at chambers." In our opinion, the weight of authority holds that the term "a decision at chambers" means a judgment or decision rendered by the judge acting in "vacation," and not during a term of the court. In *Chapman* v. *Chattooga &c. Co.,* 22 *Ga. App.* 446 (96 S. E. 579), this court said: "In Frawley *v.* Cosgrove, 83 Wis. 441, 445 (53 N. W. 689), Cassoday, J., said: 'This court has frequently held that a judge at chambers is simply a judge of a court of record acting out of court.' To say 'acting out of court' is equivalent to saying 'acting in vacation.' In practice the words 'vacation' and 'chambers' are sometimes used interchangeably. 15 R. C. L. 522, § 15." In *Sparrow* v. *Pate,* 67 *Ga.* 352, the first headnote reads as follows: "Where a judge pro hac vice presided, and upon counsel moving for a new trial, and in contemplation of an adjournment of the court, passed an order allowing a certain time in which to prepare a brief of evidence, and providing that the motion for new trial should be heard at the specified time, as though in term time, nevertheless if the appointed day arrived, and the motion was heard *before the adjournment of the term, the law of the term and not of vacation applied;* and the bill of exceptions to the grant of a new trial need not have been tendered within thirty days from the decision, but was in time if tendered within sixty days from the decision, and thirty days from the end of the term." (Italics ours.) That de-

cision was cited and approved in *Harrison* v. *Lyerly Co.*, 155 *Ga.* 695 (117 S. E. 818). In *Durham* v. *Dowling*, 174 *Ga.* 557 (163 S. E. 503), the court held that the judgment complained of was a decision "at chambers," because the judgment was rendered "prior to the June term at which the case was returnable." That decision, while not strictly applicable to the facts of this case, would probably have been different if the judgment had been rendered during the June term, or some later term, of the court. The undisputed facts of the instant case show that the judgment complained of was rendered on August 10, 1940, during the July, 1940, term of the court, and that the bill of exceptions was presented to the judge during that term of the court, and on September 19, 1940—which was less than sixty days from the date of the judgment. In our opinion, the judgment was a "term" judgment, and not a decision "at chambers." The judge erred in refusing to certify the bill of exceptions; and it is directed that he certify the same.

*Mandamus absolute granted. MacIntyre and Gardner, JJ., concur.*