Hillsborough, } No. 3413.
Dec. 7, 1943. }

AMANDA LARSON, *Adm'x v.* DAVID J. BARRY, *Adm'r & a.*

*McLane, Davis & Carleton* and *Robert P. Bingham* (*Mr. Bingham* orally), for the plaintiff.

*Frank B. Clancy*, for the defendants.

MARBLE, C. J. "The conventional statement of the rule in regard to new promises . . . is that a direct and unqualified admission by a debtor within the statutory period prior to the commencement of the action, of a subsisting debt which he is liable and willing to pay, is sufficient evidence of a new promise which will prevent the statute from operating as a bar to recovery of the debt. *Barker* v. *Heath*, 74 N. H. 270, 272; *Engel* v. *Brown*, 69 N. H. 183; *Holt* v. *Gage*, 60 N. H. 536." *Levensaler* v. *Batchelder*, 84 N. H. 192, 194.

It is stated in the referee's report "that the three defendants named in the writ formed a partnership and operated a stone cutting business in Milford, and that the business was managed by J. Thorne Young." The members of the partnership were J. Thorne Young and his sisters, S. Louise Demain and Minnie E. Melzer. Lars G. Larson died on June 11, 1937. The present action was brought on April 4, 1938.

The finding of the referee that J. Thorne Young in 1936 recognized the indebtedness of the partnership to Lars G. Larson as an existing obligation and promised to pay whatever balance should be found correct is fully sustained by the evidence. Florence G. Meserve, a bill collector, testified that Mrs. Larson, who was apparently handling her husband's affairs, placed the account in her hands for collection in 1936, that she exhibited a statement of the account to Young in the fall of that year and that he said there was nothing to worry about, that he was an honest man and that Mrs. Larson would get all her money.

Miss Meserve further testified that she had two later conferences with Young and that he acknowledged his indebtedness to Larson on each of these occasions. A friend who accompanied her testified, "Every trip we made to Mr. Young's home he admitted he owed Mrs. Larson money and said he intended to pay her every penny." Late in the fall of 1936 Young paid Mrs. Larson $50 on account. Acknowledgment on his part of the exact amount of the indebtedness was not necessary, since the amount actually due was capable of proof. Buswell, St. of Lim. 88; 37 C. J. 1102, and cases cited. See also, *Eastman* v. *Walker*, 6 N. H. 367; *Kittredge* v. *Brown*, 9 N. H. 377; *Lawrence* v. *Farwell*, 86 N. H. 59, 61.

There is evidence to sustain the finding of the referee that a certain reduction in Larson's wages applied only to a particular operation. Furthermore, the question argued by the defendants' counsel is not presented by the general exceptions taken.

J. Thorne Young and S. Louise Demain died before the hearing. The administrator with the will annexed of Young's estate has been made a party, and defendants' counsel stated at the hearing that all the property of S. Louise Demain "was a trust" of which he was trustee and that "all parties" were therefore "represented legally."

According to the evidence, Young was the only active member of the firm, and he ceased to do business in 1933. Presumably the assets of the partnership are in the hands of the administrator of his estate. Mrs. Melzer testified that she had never had anything to do with the firm business and had never received anything from it; that she with her brother and sister inherited the business from their father. Apparently no steps have ever been taken to comply with the statutory provisions relating to surviving partners (R. L., *c.* 186, *ss.* 11–14).

It is the general rule that on the death of a partner, pending suit against the partnership, the liability survives against the surviving partner, who is "chargeable with the whole of the partnership debts" (*Moody* v. *Downs*, 63 N. H. 50, 51); a judgment against him binds the partnership property and is conclusive on all the members of the firm. 40 Am. Jur. 351; Gilmore, Part., *s.* 189, *p.* 557; Parsons, Part, (4th *ed.*), *s.* 249, *p.* 333. It follows that in the absence of special circumstances, an order making the administrator of a deceased partner a party defendant is not only unnecessary but erroneous.

We believe, however, that a strict observance of the general rule was not essential in the present case, since all the parties agreed to the procedure adopted, and no one now objects. To quote the lan-

34

guage of the Court in the case of *Sherman* v. *Kreul*, 42 Wis. 33, 39, "The order making the administrators parties was granted on their application; they filed an answer, and contested the liability of the estate, and must abide by the result."

*Judgment on the verdict.*

All concurred.