**FIFTH DIVISION**
**BROWN, C. J.,**
**RICKMAN, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**June 29, 2026**

# In the Court of Appeals of Georgia

A26A0116; A26A0117. MCGOVERN v. ROWLAND; and vice versa.

RICKMAN, Presiding Judge.

These consolidated cases arise out of a January 2022 motor-vehicle collision between Kyle Zachary Rowland and State Farm Automobile Insurance Company's insured, Kyle Trevor McGovern. The costs associated with Rowland's injuries exceed McGovern's policy limits. Rowland's counsel made a pre-suit offer to State Farm to settle Rowland's claims for the policy limits, which State Farm attempted to accept; Rowland's counsel rejected State Farm's acceptance, contending that State Farm failed to meet the terms of the demand. Rowland filed suit, and McGovern filed a motion to enforce the settlement. The trial court denied McGovern's motion and the

case proceeded to trial, resulting in a substantial jury verdict in Rowland's favor. The trial court entered judgment on the jury's verdict.

1. In Case No. A26A0116, our Court is again being asked to resolve the question of whether Rowland's offer to settle and State Farm's attempted acceptance of that offer resulted in a binding settlement agreement pursuant to the 2021 version of OCGA § 9-11-67.1, which governs the communications in this case.[1]

For context, we begin by noting that OCGA § 9-11-67.1 governs offers made prior to the filing of an answer to settle personal injury claims arising from injuries due to automobile accidents.[2] It was originally enacted in 2013 in an effort to address lingering ambiguities and continued litigation regarding the scope of an insurer's duty with respect to a time-limit settlement demand once our Supreme Court determined that an insurer may be liable to its insured for a bad faith failure to settle claim. See *Grange Mut. Cas. Co. v. Woodard*, 300 Ga. 848, 856–57(2)(b) (797 SE2d 814) (2017);

---

[1] OCGA § 9-11-67.1 was enacted in 2013 and amended in 2021 and 2024. The communications in this case were exchanged in 2022 and are governed by the 2021 version of the statute.

[2] Specifically, the statute governs any offer, made prior to the filing of an answer, "to settle a tort claim for personal injury, bodily injury, or death arising from the use of a motor vehicle and prepared by or with the assistance of an attorney on behalf of a claimant or claimants[.]" OCGA § 9-11-67.1(a)(2021).

2

*Southern Gen. Ins. Co. v. Holt*, 262 Ga. 267, 269(1) (416 SE2d 274) (1992). The statute set forth certain terms that, at a minimum, were required to be included in a pre-suit settlement demand[3] and allowed recipients of such a demand the right to seek clarification regarding its terms without the request being deemed a counteroffer. See OCGA § 9-11-67.1 (2013). It was passed against the backdrop of – and resulted in tension with – common law contract principles, such as "an offeror is the master of his or her offer" and "[an] offer must be accepted unequivocally and without variance of any sort." *Woodard*, 300 Ga. at 852-53(2)(a). It did not curtail further litigation. See generally *Gomez v. USAA Cas. Ins. Co.*, 378 Ga. App. 702, 708-09(2) (926 SE2d 687) (2026); *White v. Cheek*, 360 Ga. App. 557, 564 (859 SE2d 104) (2021) (McFadden, J., special concurrence).

OCGA § 9-11-67.1 was amended in 2021 to expand upon the statutory material terms[4] of a settlement demand and add a provision that, "[u]nless otherwise agreed

---

[3] The material terms of an offer to settle made pursuant to OCGA § 9-11-67.1(a) (2013) included the time period within which such offer must be accepted, not less than 30 days from receipt of the offer; the amount of monetary payment; the party or parties to be released upon acceptance of the offer; the type of release to be provided; and the claims to be released.

[4] The amendment added a requirement that an offer to settle include medical or other records in the offeror's possession sufficient to allow the recipient to evaluate

by both the offeror and the recipients in writing," those material terms "shall be the only terms which can be included in an offer to settle made under" the statute. OCGA § 9-11-67.1(a),(b)(1) (2021). The 2021 amendment further added that, "[t]he recipients of an offer to settle made under this Code section may accept the same by providing written acceptance of the material terms outlined in subsection (a) of this Code section in their entirety." Id. at (b)(2) (2021).

In this case, following the motor-vehicle accident, Rowland's counsel sent State Farm a letter on May 23, 2022 offering to settle his claims against McGovern in exchange for payment of the $100,000 personal-injury policy limit. The settlement offer explicitly set forth the material terms being made pursuant to OCGA § 9-11-67.1(a)(1) (2021), which included that (1) the offer must be accepted within 35 days; (2) the monetary payment must be for the full amount of the policy limits; (3) the release would extend only to McGovern, and Rowland would agree to release McGovern, except to the extent other insurance coverage was available to cover Rowland's claims; (4) the release would be a limited release that preserved Rowland's

---

the claim; and provided that the offer may include a term requiring the recipient to provide a statement, under oath, that all liability and casualty insurance issued by the recipient that provides or may provide coverage for the claim at issue has been disclosed. Id. at (a)(2), (3).

4

right to seek all other insurance coverage through any other policies of insurance; (5) the claims being released would include only the personal injury/bodily injury claims held by Rowland against McGovern; and (6) State Farm must provide written acceptance of all of the material terms pursuant to OCGA § 9-11-67.1(b)(2). The letter provided that "[t]he material terms made pursuant to OCGA 9-11-67.1(a)(1), outlined immediately above, must be accepted unequivocally and without variance of any sort."

Relevant to this appeal, the settlement offer further provided that,

In addition to the above materials terms made pursuant to OCGA 9-11-67.1(a)(1), the following *actions* must be completed to form a binding settlement contract, and completion of each and every one of the following actions, without variance of any sort, is *required* under this written offer of compromise *to form a binding settlement agreement*: ...

Pursuant to OCGA 9-11-67.1(g), State Farm is required to make payment within *forty-five (45) days* from State Farm's receipt of this offer... State Farm's payment may be made through any of the methods outlined under OCGA 9-11- 67.1(f). However, should payment be made by money order, cashier's check, draft, or bank check, such payment shall be made payable to "Protentis Law LLC in trust for Kyle Rowland...."

This offer of compromise cannot be accepted by a mere statement of unconditional acceptance of this offer; instead, acceptance of this offer requires full performance of all actions required herein - without variance of any sort - in addition to written acceptance of the material terms of this offer made pursuant to OCGA 9-11-67.1(a)(1).

(Emphasis in original.)

State Farm's counsel sent a letter conveying State Farm's "acceptance of your May 23, 2022 settlement demand" that included a proposed limited release and a sworn statement by a State Farm representative that all policies had been disclosed. The letter also indicated that a check would be forthcoming. When the check arrived, it was issued to "PROTENTIS LAW LLC IN TRUST FOR & KYLE ZACHARY ROWLAND" and included a notation on the back that it "MUST BE ENDORSED BY ALL PAYEES."

Rowland subsequently filed a negligence action against McGovern, contending that the non-conforming check (the inclusion of an "&" in the payment line and the requirement that the check must be endorsed by all payees) amounted to a rejection of the settlement offer. McGovern answered the complaint, then filed a motion to enforce the settlement agreement. Following a hearing, the trial court denied the

motion, and the case proceeded to trial. The jury awarded a substantial monetary award in favor of Rowland, and the trial court entered judgment on the verdict.

McGovern contends that his written acceptance of the settlement offer created a binding settlement agreement exclusively as to the material terms of OCGA § 9-11-67.1(a) (2021), and that the additional terms with which he did not comply were irrelevant with respect to the formation of a binding contract. We disagree.

Although the 2021 amendment to OCGA § 9-11-67.1 gave an insurer the option of accepting a settlement offer only under the statutory terms set forth in subsection (a), it did not eliminate the freedom to mutually agree in writing to be bound by conditions outside of those terms. See OCGA § 9-11-67.1(c) ("Nothing in this Code section is intended to prohibit parties from reaching a settlement agreement in a manner and under terms otherwise agreeable to both the offeror and recipient of the offer."); *Gomez*, 378 Ga. App. at(2) (926 SE2d 687) ("[A] recipient can accept an offer under the statutory terms [of the 2021 version of OCGA § 9-11-67.1] or it can agree to be bound by more terms. If the offeror and recipient both agree in writing to operate under additional terms, common-law principles still apply.") (citation modified); *Redfearn v. Moore*, 371 Ga. App. 655, 657(1) (902 SE2d 233) (2024) (by

7

agreeing in writing to the conditions of plaintiff's settlement offer, which included non-statutory terms, the issuance of a check inconsistent with those conditions constituted a rejection of the offer).

Here, State Farm "accept[ed] ... [Rowland's] May 23, 2022 settlement demand" without limitation. As such, it agreed to be bound not only to the statutory terms, but also by the additional conditions set forth in the letter, including the demand that, should State Farm pay by check, it must be made out as directed "without variance of any sort." See *Bonilla v. Ventura*, 378 Ga. App. 299, 303 (1) (925 SE2d 746) (2026) (holding that by agreeing to the terms of plaintiff's demand "as presented," the insurer agreed to be bound by conditions outside the statutory terms); *Redfearn*, 371 Ga. App. at 657 (1). Compare *Squires v. Vincent*, 379 Ga. App. 184, 188 (3) (928 SE2d 276) (2026) (holding that a binding settlement agreement was formed under OCGA § 9-11-67.1 (2021) when insurer "accepted the material statutory terms of the offer in writing" and rejected any non-statutory terms); *Gomez*, 378 Ga. App. at 711-12 (2) (affirming the trial court's ruling that a binding settlement agreement was formed when the insurer "agreed in writing *only* to the statutory material terms of [plaintiff's] offer and rejected any non-statutory terms") (emphasis in original). It

8

follows that the trial court did not err by concluding that State Farm agreed to the conditions set forth in Rowland's settlement offer and that its non-conforming check amounted to a rejection of that offer; consequently, we affirm the trial court's denial of State Farm's motion to enforce. See *Redfearn*, 371 Ga. App. at 657(1).

2. In Case No. A26A0117, Rowland cross-appeals, asserting that the trial court erred by failing to enter judgment on the jury's verdict nunc pro tunc to the date the verdict was rendered. Rowland argues that by doing so, the trial court deprived him of four months of post-judgment interest.[5]

Georgia statutory law provides that "[a]ll judgments in this state shall bear annual interest upon the principal amount recovered at a rate equal to the prime rate as published by the Board of Governors of the Federal Reserve System ... on the day the judgment is entered plus 3 percent." OCGA § 7-4-12(a). Further, the law gives a trial court the authority to enter a judgment nunc pro tunc so as to date back to the day that a jury verdict is rendered. See *Taylor v. Devereux Found.*, 316 Ga. 44, 95(IX) (885 SE2d 671) (2023) ("A trial court may enter a judgment nunc pro tunc to perfect

---

[5] The jury rendered its verdict on December 20, 2024, and Rowland filed a motion for judgment on the verdict two weeks later. For reasons unexplained in the record, the trial court did not enter judgment on the verdict until April 21, 2025.

the record and properly reflect when an order or judgment should have been entered." (punctuation omitted)); *Wingate Land & Development v. Robert C. Walker, Inc.*, 252 Ga. App. 818, 823(5) (558 SE2d 13) (2001) (holding trial court did not abuse its discretion by entering judgment nunc pro tunc). See also OCGA § 15-1-3(6) ("Every court has the power ... [t]o amend and control its processes and orders, so as to make them conformable to law and justice, and to amend its own records, so as to make them conform to the truth[.]").

But the law does not impose a time limit in which the trial court must enter judgment following a jury's verdict. See *Jefferson v. Ross*, 250 Ga. 817, 818 (301 SE2d 268) (1983) ("The cases uniformly hold that a court may enter judgment at any time after a jury verdict."). See also OCGA § 9-11-58. And significantly, the law does not mandate that a trial court exercise its nunc pro tunc authority when it enters judgment on a verdict. See generally *Chapman v. Chattooga Oilmill Co.*, 22 Ga. App. 446, 449 (96 SE 579) (1918) ("[T]he discretion is given to the court or judge to order a judgment to be entered nunc pro tunc." (punctuation omitted)). But see *City of Milton v. Chang*, 373 Ga. App. 667, 680(3)(b) (906 SE2d 784) (2024).[6]

---

[6] *Chang* has been vacated by our Supreme Court based upon other grounds. See *City of Milton v. Chang*, ___ Ga. ___ (928 SE2d 1) (2026). Nevertheless, because the

An abuse of discretion occurs when a trial court "significantly misapplies the law or clearly errs in a material factual finding." *In re R.W.*, 315 Ga. App. 227, 232(3)(c) (726 SE2d 708) (2012) (punctuation omitted). We cannot say that the trial court abused its discretion by failing to exercise its nunc pro tunc authority in this case.

*Judgments affirmed . Brown, C. J., and Mercier, J., concur.*

---

Supreme Court's opinion did not address the nunc pro tunc ruling, we disapprove of *Chang* to the extent that our opinion states that the Supreme Court's holding in *Taylor,* 316 Ga. at 96(IX), "dictates" that a trial court must enter judgment nunc pro tunc to the date of a jury's verdict. See *Chang,* 373 Ga. App. at 680(3)(b). We circulated this decision among all nondisqualified judges of the Court to consider whether the disapproval of *Chang* should be passed upon by all members of the Court, but fewer than the required number of judges voted in favor of a hearing en banc.